**James O. BAILEY, et al.**

v.

**Robin CRUM, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

May 10, 2005 Session.

June 23, 2005.

Permission to Appeal Denied by Supreme Court Dec. 5, 2005.

---

John Stephen Anderson, Rogersville, Tennessee, for the Appellants, James O. Bailey and Kim Bailey.

Richard A. Spivey, Kingsport, Tennessee, for the Appellees, Robin Crum and Sonny Crum.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

In this case, the Appellant argues that the trial court erred in holding her in willful contempt of court for violating the court's prior order of injunction and for failing to appear for the hearing on the petition for contempt. The trial court sentenced the Appellant to ten days in jail and imposed a fine of $50.00. Upon our finding that the contempt was criminal in nature and that the Appellant was not accorded her rights of due process under Tenn. R.Crim. P. 42(b), the judgment of the trial court is reversed in part, vacated in part and the cause is remanded for further proceedings.

On October 20, 2003, the Circuit Court for Hawkins County, Tennessee, entered an order in a case then pending before it that, among other things, enjoined the Appellants, James O. Bailey and Kim Bailey, from harassing the Appellees, Robin and Sonny Crum, or the Crum children "through personal contact, verbal or otherwise . . . and from contacting, mentioning or referencing [the Appellees] or their children."

On November 13, 2003, the Appellees filed a petition requesting that the Appellants be required to appear and show cause why they should not be held in contempt for violating the trial court's order of injunction. On the same date, a notice was filed setting the matter for hearing for November 17, 2003. Thereupon, the Appellants filed a motion for continuance upon the following stated grounds:

1. Attorney for Plaintiffs has a case that was set prior on [sic] this same date in the Chancery Court for Hawkins County, Tennessee.

2. This is a Hawkins County case.

On November 17, 2003, an amended notice was filed by the Appellees setting the hearing on the petition for contempt for November 26, 2003. As best we can discern from the available record, the case was called for hearing on November 26, 2003, but the Appellants failed to appear and, on December 5, 2003, based upon its finding "that hearing should be reset due to the serious nature of the sanctions being considered by the Court," the trial court entered a show cause order resetting the hearing on the contempt petition to December 10, 2003.

On November 25, 2003, the Appellants filed a second motion for continuance of the petition for contempt hearing from its setting of December 10, 2003, upon the following stated grounds:

1. The Plaintiff Kim Ward Bailey has been recovering from a brain surgery and her doctor has not cleared her for the stress of litigation.

2. Discovery has not been able to be completed of Plaintiff's Kim Bailey's health problems.

On April 8, 2004, the Appellees filed a second petition for contempt against the Appellants for alleged violation of the trial court's order of October 20, 2003. This petition states as follows:

Petitioners Robin Crum and Sonny Crum, herewith petition and request this Honorable Court hold hearing and require Respondents James O. Bailey and Kim Ward Bailey, to show cause as to why they should not be held to be in wilful contempt of Court for their deliberate, wilful and intentional violation of the Order previously entered on October 20, 2003, in this cause by their refusal to abide by or obey the directives set forth therein enjoining them during the pendency of this cause from harassing Petitioners or their children through personal contact, verbal or otherwise, and from photographing or videotaping Petitioners or their children, and from contacting, mentioning or referencing Petitioners or their children, physical descriptions or otherwise readily identifiable descriptions of Petitioners or their children, their addresses, telephone numbers, employers or place of employment, through the use by Respondents of telephone, Internet, web sites or any form of electronic communications, and directing that any such references by Respondents which currently exist be immediately removed and deleted by Respondents.

WHEREFORE, Petitioners request that Respondents be required to appear and answer this Petition and thereafter to be held in wilful contempt for each and every violation of the *Order* and that appropriate penalties, including but not limited to fines and/or jail time be levied upon them as the facts of this cause shall dictate for each and every violation, and further, that Petitioners be granted such other affirmative and general relief as the Court shall deem proper, including but not limited to an aware [sic] of reasonable attorney fees for the necessity of bringing this Petition for Contempt, and that costs be taxed to Respondents.

Respectfully submitted,

ROBIN CRUM and SONNY CRUM

On April 8, 2004, an amended notice of the hearing on the petition for contempt was filed that shows that the petition for contempt would be heard on April 16, 2004.

On April 13, 2004, the Appellants filed a motion for continuance [1] upon the following stated grounds:

1. The Attorney for Plaintiff's mother had a complete hip replacement surgery on April 9th 2004, and will need extensive care and Attorney's [sic] for Plaintiff's 83 year old father is till [sic] recovering from a stroke, and the Attorney for Plaintiffs will be needing to take extensive time off and will not be able to adequately prepare for the trial.

2. Discovery has not been able to be completed of Plaintiff's Kim Bailey's health problems. Plaintiff Kim Bailey has improved but Plaintiff's attorney has not received a release from her doctor.

On April 16, 2004, the date of hearing, the Appellants filed yet another motion for continuance. This motion also requests a more definite statement of the alleged contempt, asserting that the Appellants "are entitled to a more definite statement specifying what acts occurred and specific times and to whom." The motion states that Appellants' attorney "has a conflict and has to be in Knox County Chancery Court on April 16, 2004," and requests "[t]hat the matter be continued until said definite statement is provided." (This motion is in conflict with the Appellants' previous motion that was filed just three days prior and states that the Appellants' counsel needed a continuance because he needed to take extra time off.)

The contempt hearing was held as scheduled on April 16, 2004, and on April 23, 2004, the trial court entered its order of willful contempt which provides as follows:

This cause came on to be heard on April 16, 2004, before the Honorable Kindall T. Lawson, Judge for the Circuit Court of Hawkins County, holding Miscellaneous Day and on *Amended Notice of Hearing of Petition for Contempt* filed and served on behalf of Petitioners Robin and Sonny Crum and the *Motion for Continuance and More Definite Statement* filed the same day as hearing on behalf of Respondents James O. Bailey and wife, Kim Bailey, and from the testimony of Robin Crum regarding the latest incident warranting contempt, that being the personal contact and harassment of Robin Crum at her place of employment, Proffitt's in Kingsport, by Kim Bailey on or about March 19, 2004, in violation of the temporary injunction entered October 20, 2003, prohibiting harassment through personal contact, the Court reserving further testimony of other numerous incidents until further proceedings, and upon the failure of Kim Bailey to appear for hearing, said failure also being cause for a finding of contempt, it appearing the Petition for Contempt was well taken and accordingly, the Court did find Kim Bailey to be in wilful contempt of Court and that the *Motion for Continuance and More Definite Statement* was not well taken and should be denied.

**THEREFORE,** it is

**ORDERED:**

1. That Kim Bailey be hereby declared to be in willful contempt of Court for her personal contact and harassment of Robin Crum on or about March 19, 2004, and further, based upon her failure to appear for hearing on April 16, 2004, and that sanctions shall be imposed

---

1. Although, as we have indicated, the show cause hearing was set for April 16, 2004, this motion for continuance requests that the trial court continue the action "from it[s] present setting of *April 29th, 2004.*" We assume that the Appellants intended to set forth the correct date of April 16, 2004.

upon Kim Bailey in the form of a jail term of ten (10) days in the Hawkins County jail which service shall have commenced at the earliest opportunity for her to be placed in custody by the Hawkins County Sheriff's Department for transport to and service of said ten (10) days and additionally, the imposition of a $50.00 fine for the aforesaid incident of harassment.

2. All other matters and testimony shall be reserved until further proceedings of the Court and costs shall be taxed to Respondents.

The Appellants appeal this order.

■ At this point, we are compelled to note that, although the Appellees' petition for contempt was filed against both Kim Bailey and James O. Bailey and this appeal was filed by both of the Appellants, the trial court's order of contempt in this case only finds the Appellant Kim Bailey in contempt and the order does not address any charges of contempt against the Appellant James O. Bailey. There being no final order of contempt as to James O. Bailey, he has no right to an appeal under Tenn.R.App.P. 3. Accordingly, this appeal is dismissed as to James O. Bailey.

■ Further, we note that, although the underlying case in which the trial court entered its injunctive order of October 20, 2003, was still pending at the time of appeal, a judgment of contempt becomes final upon entry of punishment and is, thus, appealable under T.R.A.P. 3 even though the proceedings out of which the contempt arose are not complete. *State v. Green,* 689 S.W.2d 189 (Tenn.Crim.App.1984). Therefore, Kim Bailey has the right to appeal the trial court's decision finding her in contempt.

■ The sole issue we address in this appeal is whether the trial court violated the Appellant Kim Bailey's due process

rights in finding her in willful contempt of court for violating the injunction and for failing to appear at the contempt hearing.

This is a non-jury case and, accordingly, our review is *de novo* upon the record of the trial court without any presumption of correctness attaching to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996) and Tenn. R.App. P. 13(d). We must, however, presume the trial court's factual findings to be correct absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993).

Rights of due process in the contempt context vary according to whether the contempt is categorized as criminal or civil. The Tennessee Supreme Court discussed the distinction between the two in *Ahern v. Ahern,* 15 S.W.3d 73 at 78, 79 (Tenn.2000), as follows:

> Traditionally, contempt has been classified as civil or criminal depending upon the action taken by the court to address the contempt.
>
> . . .
>
> After a finding of contempt, courts have several remedies available depending upon the facts of the case. A court can imprison an individual to compel performance of a court order. This is typically referred to as "civil contempt." This remedy is available only when the individual has the ability to comply with the order at the time of the contempt hearing. Tenn.Code Ann. § 29–9–104. Thus, with civil contempt, the one in contempt has the "keys to the jail" and can purge the contempt by complying with the court's order. Tenn.Code Ann. § 29–9–104. In civil contempt, the imprisonment is meted out for the benefit of a party litigant.

A court can also imprison and/or fine an individual simply as punishment for the contempt. This remedy is commonly referred to as "criminal contempt." Unless otherwise provided, the circuit, chancery, and appellant courts are limited to imposing a fine of $50.00 and to imprisoning an individual for not more than ten days. Tenn.Code Ann. § 29-9-103. A party who is in criminal contempt cannot be freed by eventual compliance. (Case citations omitted.)

It is apparent from the record in this case that Kim Bailey was charged with criminal contempt. And, as we have noted, the trial court's order of April 23, 2004, states two independent grounds for holding her in willful contempt—her failure to appear at the hearing on April 16, 2004, and her violation of the order of injunction entered on October 23, 2003. The trial court was not a witness to the Appellant's *willfulness* in failing to appear nor did the alleged violation of the order of injunction occur in the trial court's presence, and, therefore, each constitutes an alleged instance of indirect criminal contempt. *State v. Maddux,* 571 S.W.2d 819, 821 (Tenn.1978). Previously, we have held that "trial courts may impose punishment for indirect criminal contempt only after providing notice pursuant to Tenn. R.Crim. P. 42(b)." *Jones v. Jones,* 01A01-9607-CV-00346, 1997 WL 80029, 1997 Tenn.App. LEXIS 132, at *8 (Tenn.Ct. App. February 26, 1997), *no perm. app.* The notice required is set forth at Tenn. R.Crim. P. 42(b) as follows:

> The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest.

The amended notice of the hearing on the petition for contempt in this case which was drafted to notify the Appellants of the hearing on April 16, 2004, provided as follows:

> **TO: JAMES O. BAILEY, KIM WARD BAILEY** and their attorney, **JOHN S. ANDERSON, 101 W. Broadway, Ste. 2, Rogersville, Tennessee**

> PLEASE TAKE NOTICE that the undersigned attorney will appear before the Honorable Kindall T. Lawson, Judge for the Circuit Court of Hawkins County, holding miscellaneous day on Friday, April 16, 2004, in the large courtroom on the second floor of the Hawkins County Courthouse located at 100 East Main Street, Rogersville, Tennessee, and then and there, or as soon thereafter as he may be heard, present for hearing to the Court the petition for Contempt against Respondents and request the Court grant the relief requested herein.

> **TAKE NOTICE AND GOVERN YOURSELF ACCORDINGLY.**

> Respectfully submitted,

> ROBIN CRUM and SONNY CRUM

As we have stated on prior occasion, "[t]he Tenn. R.Crim. P. 42(b) notice must *specifically* charge a party with criminal contempt and must succinctly state the facts giving rise to the charge. Because the same conduct can constitute both civil and criminal contempt, the Tenn. R.Crim. P. 42(b) notice eliminates any possible confusion concerning the nature of the proceeding." *Weissfeld v. Weissfeld,* E2004-00134-COA-R3-CV, 2004 WL 2070979, 2004 Tenn.App. LEXIS 606 (Tenn.Ct.App. Sept.16, 2004), citing *Jones v. Jones, id.* (Emphasis added in *Weissfeld* ). Neither this notice nor the petition for contempt

filed on April 8, 2004 meets either of these requirements. The Appellees did not notify the Appellant as to whether the contempt charged was criminal or civil nor did they notify the Appellant of the alleged facts upon which the charge of contempt is based. In her motion for continuance and more definite statement, the Appellant asserts that she is "entitled to a more definite statement specifying what acts occurred and specific times and to whom." We agree and, in accord with our decision in *Weissfeld, id.*, we hold that notification under Rule 42(b) is insufficient unless it provides a description of the particular actions alleged to be contemptuous and sets forth the dates and location of such actions.

We also must determine whether Kim Bailey's rights of due process were observed with respect to her being held in willful contempt for her failure to appear. The trial court's order of April 23, 2004, decrees her to be guilty of *willful* contempt, and, although the trial court witnessed her absence from the hearing on April 16, 2004, as we have stated, the court did not witness the Appellant's willfulness. Section (b) of Rule 42 provides for disposition of a criminal contempt "upon Notice and a Hearing" when, as occurred in the instant matter, the trial court did not see or hear the conduct constituting the contempt and the conduct did not take place in the trial court's presence. See also, *State v. Bryan*, W1999–00620–CCA–R3–CD,2000 WL 33288749, 2000 Tenn.Crim. App. LEXIS 511 (Tenn.Crim.App. June 27, 2000), wherein we found that the trial court erred in not affording a defendant a hearing before finding him guilty of contempt under Rule 42(b) for willful failure to appear. We further note that Rule 42(b) requires that a defendant in an action for criminal contempt under this section receive notice stating "the time and place of hearing" and "allowing a reasonable time for the preparation of the defense." Kim Bailey was not provided with such notice in this case. Because she was denied both proper notice and a hearing as required by Rule 42(b), it is our determination that Kim Bailey was denied her right of due process.

We now address proper disposition of this case. Upon our finding in her favor, the Appellant requests that the trial court's order "be set aside and a new hearing ordered."

In *State v. Bryan, id.*, the Court of Criminal Appeals held that a criminal contempt conviction was improper on grounds of willful failure where the trial court ruled against the defendant absent a hearing and without notice as required under Tenn. R.Crim. P 42(b). In determining whether the case should be remanded to the trial court for a hearing on the contempt charge or whether, instead, the trial court's order should be reversed and the contempt charge dismissed, the Court set forth the following analysis at *9:

Constitutional provisions protect a person from more than once being placed in jeopardy of conviction of a crime. U.S. Const. amend. V, amend XIV; Tenn. Const. art. I, sec. 10. Principles of double jeopardy apply to criminal contempt proceedings. One principle of the double jeopardy provision is that a person may not be re-prosecuted for an offense after he or she has been acquitted of that offense. "There can be no acquittal, however until jeopardy attaches."

Next, our analysis of the issue of disposition of the case reveals that divergent results are suggested by two basic rules of law. On the one hand, it can be posited that the trial court's judgment of criminal contempt is not supported by

sufficient evidence because the record is devoid of any evidence or judicial notice that establishes willful misbehavior, an element of the offense. As in other criminal cases, when the sufficiency of the convicting evidence is challenged on appeal, the appellate court "must review the record to determine if the proof adduced at trial supports the findings of the trier of fact of guilt beyond a reasonable doubt." If the evidence under this standard is insufficient to support the criminal conviction, the remedy is a reversal of the conviction and a dismissal of the charge.... For double jeopardy purposes, a holding that the evidence is insufficient is essentially an acquittal. On the other hand, the trial court received no evidence, took the defendant's characterization of his behavior as true and erroneously determined that the defendant was guilty as a matter of law. Moreover, given the dictates of Criminal Rule of Procedure 42, the trial court erred when it proceeded summarily. Hence, this court's reversal of the contempt conviction could be viewed as based upon trial court error. Typically, reversals sought by the defendant based upon trial court error do not require dismissal of the charges, and retrial is not barred by principles of double jeopardy.

...

Normally, jeopardy attaches in a non-jury proceeding when a witness is sworn to testify. When there is no witness sworn and no fact trial in a contempt hearing, jeopardy cannot attach until the contempt is declared.... [I]n *nonsummary* criminal contempt proceedings, jeopardy attaches "as it attaches to other criminal prosecutions." ... However, in the present case, the trial court's summary declaration of contempt was error. In other words, jeopardy only attached when the erroneous conviction was imposed. Under the circumstances, this analysis points to a reversal that poses no bar to retrial. (Case citations omitted.) (Emphasis in original.)

In the instant matter, the trial court essentially found Kim Bailey guilty of two instances of contempt. In part, the court decreed Kim Bailey to be in contempt upon grounds that she violated the order of injunction entered October 20, 2003. The trial court's order of contempt indicates that the court's grant of the contempt petition is based upon "the testimony of Robin Crum regarding the latest incident warranting contempt, that being the personal contact and harassment of Robin Crum at her place of employment, Proffitt's in Kingsport, on or about March 19, 2004." We must necessarily conclude from this language that Robin Crum was sworn as a witness and that a fact trial took place with regard to the charges that Kim Bailey violated the trial court's injunctive order by engaging in the activity described. Commensurate with the Court's analysis in *Bryan*, we hold that jeopardy attached with respect to those specific charges and, therefore, the order of contempt is reversed to the extent that it decrees Kim Bailey to be in contempt for violation of the injunctive order of October 20, 2003, and retrial on charges that she violated that order by personally contacting and harassing Robin Crum at her place of employment, Proffitt's in Kingsport, on or about March 19, 2004, is barred. While the order recites this incident as grounds for its decree, it also finds Kim Bailey guilty of willful contempt based upon her failure to appear for hearing. There is nothing before us to show that the trial court took proof as to the matter of her willfulness in failing to appear, no witness was sworn, and no fact trial took place. Accordingly, no jeopardy attached and there is no bar to retrial.

Therefore, with respect to the holding that Kim Bailey is guilty of willful contempt for failure to appear, we vacate the order of the trial court and remand for trial on that issue subject to proper notice being provided as required by Tenn. R. of Crim. P. 42(b).

In concluding, we note that the hearing of April 16, 2003, and the trial court's subsequent order of April 23, 2003, did not address any charges of contemptuous activity prior to the alleged incident of March 19, 2004, described in the order of contempt. Thus, it appears that the initial petition for contempt filed by the Appellees on November 13, 2003, is still pending before the trial court. Issues related to that petition are not before us in this appeal.

The judgment of the trial court is reversed in part, vacated in part and the cause is remanded for further contempt proceedings as indicated herein. Costs of appeal are adjudged against the Appellees, Robin Crum and Sonny Crum.