## James O. BAILEY, et al.

**v.**

## CHAMPION WINDOW COMPANY TRI-CITIES, LLC.

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Assigned on Briefs Dec. 8, 2006.

April 24, 2007.

Permission to Appeal Denied by Supreme Court Sept. 17, 2007.

John S. Anderson, Rogersville, Tennessee for the Appellants, James O. Bailey and wife, Kim Ward Bailey.

Michael A. Faulk, Church Hill, Tennessee for the Appellee, Champion Window Company Tri-Cities, LLC.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

James O. Bailey, and his wife, Kim Ward Bailey ("the Baileys") sued Champion Window Company Tri-Cities, LLC ("Champion") claiming that Champion had breached a contract ("the Contract") for construction of a patio room on the Baileys' home. In a separate lawsuit, Champion sued the Baileys claiming that the Baileys had breached the Contract. The two cases were consolidated and tried before a jury. After trial, judgment was entered on the jury's verdict awarding Champion a judgment against the Baileys of $19,000.00. The Baileys appeal to this Court raising issues regarding the Trial Judge's failure to recuse, failure to grant an interlocutory appeal on the motion to recuse, and introduction of evidence. We affirm.

### Background

In June of 2002, the Baileys and Champion entered into a written contract for Champion to construct a patio room on the Baileys' home for a total price of $24,350.00. After construction commenced, the Baileys and Champion began having disagreements that eventually led to these consolidated lawsuits.

The Baileys claimed that the partially completed patio room suffered from faulty construction that included, among other things, a center beam set off center, shingles that did not match the existing house roof, improperly installed gutters and overhangs, and an improperly graded concrete slab. The Baileys claimed to have suffered water damage to their house, among other things, as a result of the faulty construction.

Champion's version was much different. Champion claimed that the Baileys had interfered with construction making Champion's performance under the Contract impossible, and that the Baileys had failed to pay the Contract price.

On Friday, August 12, 2005, the Baileys filed a motion to recuse based upon the Trial Judge's having ruled adversely to Kim Ward Bailey in an earlier unrelated case, and the fact that the Trial Judge had been advised about information posted on the Baileys' website. The Trial Judge heard the motion on Monday, August 15, 2005, which was the first day of trial, and denied the motion to recuse. The Baileys then asked for an interlocutory appeal on the motion to recuse, which the Trial Judge denied.

The case was tried before a jury on August 15, and 16, 2005. After trial, judgment was entered on the jury's verdict awarding Champion a judgment against the Baileys of $19,000.00. The Baileys appeal to this Court.

### Discussion

Although not stated exactly as such, the Baileys raise five issues on appeal: 1) whether the Trial Judge abused his discretion in denying the motion to recuse; 2) whether the Trial Court erred in denying an interlocutory appeal on the motion to recuse; 3) whether the omission of certain facts at trial justifies a new trial; 4) whether the Trial Court erred in allowing evidence to be presented regarding another lawsuit involving the Baileys; and, 5) whether the jury verdict is supported by the evidence.

■ We first will consider whether the Trial Judge abused his discretion in denying the motion to recuse. "Unless the grounds for recusal fall within those enumerated in Tenn. Const. art. 6, § 11 or T.C.A. § 17-2-101..., the Trial Judge's refusal to recuse is reviewed as an abuse of discretion." *Baker v. Hooper,* 50 S.W.3d 463, 467 (Tenn.Ct.App.2001). As our Supreme Court has instructed:

> Litigants, as the courts have often said, are entitled to the "cold neutrality of an impartial court." *Kinard v. Kinard,* 986 S.W.2d 220, 227 (Tenn.Ct.App. 1998). Thus, one of the core tenets of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges. *Id.* at 228. Indeed, "it goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Wilson v. Wilson,* 987 S.W.2d 555, 562 (Tenn.Ct. App.1998). Accordingly, judges must conduct themselves "at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and "shall not be swayed by partisan interests, public clamor, or fear of criticism." Tenn. Sup.Ct. R. 10, Cannon 2(A), 3(B)(2). As we said many years ago, "it is of immense importance,

not only that justice be administered ... but that [the public] shall have no sound reason for supposing that it is not administered." *In re Cameron,* 126 Tenn. 614, 151 S.W. 64, 76 (Tenn.1912). If the public is to maintain confidence in the judiciary, cases must be tried by unprejudiced and unbiased judges.

Given the importance of impartiality, both in fact and appearance, decisions concerning whether recusal is warranted are addressed to the judge's discretion, which will not be reversed on appeal unless a clear abuse appears on the face of the record. *See State v. Hines,* 919 S.W.2d 573, 578 (Tenn.1995). A motion to recuse should be granted if the judge has any doubt as to his or her ability to preside impartially in the case. *See id.* at 578. However, because perception is important, recusal is also appropriate "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Alley v. State,* 882 S.W.2d 810, 820 (Tenn.Crim.App.1994). Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if "the judge's impartiality might reasonably be questioned." Tenn. Sup.Ct. R. 10, Cannon 3(E)(1). Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias. *See Alley,* 882 S.W.2d at 820. However, the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. *See Hines,* 919 S.W.2d at 578. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon. *See Kinard,* 986 S.W.2d at 228.

*Davis v. Liberty Mut. Ins. Co.,* 38 S.W.3d 560, 564–65 (Tenn.2001).

The Baileys assert on appeal that the Trial Judge should have granted their motion to recuse because the Trial Judge previously had found Kim Ward Bailey in contempt of court in an unrelated case, a decision that subsequently was reversed, in part, and vacated, in part, by this Court in *Bailey v. Crum,* 183 S.W.3d 383 (Tenn. Ct.App.2005). However, "the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal." *Davis,* 38 S.W.3d at 565.

On May 23, 2005, the Trial Court entered an order setting this case for trial on August 15, 2005. Our Opinion in *Bailey v. Crum* was filed on June 23, 2005. The Baileys did not file their motion to recuse in this case until Friday, August 12, 2005, with the trial already scheduled to start on Monday, August 15, 2005. We note, as did the Trial Court, that the motion to recuse was filed on the eve of trial, despite the fact that our Opinion in *Bailey v. Crum,* which the Baileys rely upon, was filed nearly two months before the trial date.

A careful and thorough review of the record on appeal reveals no reasonable basis for questioning the Trial Judge's impartiality. Further, we find no abuse of discretion by the Trial Judge in his denial of the motion to recuse.

Having determined that the Trial Judge did not abuse his discretion in denying the motion to recuse, we now must consider whether the Trial Court erred in denying an interlocutory appeal on the motion to recuse. Rule 9 of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> **Rule 9. Interlocutory Appeal by Permission from the Trial Court.—**
>
> (a) Application for Permission to Appeal; Grounds.—Except as provided in Rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court. In determining whether to grant permission to appeal, the following, while neither controlling nor fully measuring the courts' discretion, indicate the character of the reasons that will be considered: (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment....

Tenn. R.App. P. 9(a). Thus, we review the Trial Court's denial of the motion for interlocutory appeal for abuse of discretion.

Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge,* stating:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn.2001) (citations omitted).

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 709 (Tenn.Ct. App.1999). A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id.* When reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id.*

Given, among other things, the fact that the motion to recuse was filed on the eve of trial, reasonable judicial minds certainly could differ concerning the propriety of the Trial Court's denial of the motion for interlocutory appeal. It also is relevant that we have held on appeal that the Trial Judge did not err in denying the Baileys' motion to recuse. Given our decision on the Baileys' issue on appeal as to the denial of their motion to recuse, we see no

reason why our decision would not have been the same even if the Baileys had been allowed an interlocutory appeal. This being so, we find no abuse of discretion in the Trial Court's denial of the motion for interlocutory appeal.

As to all of their remaining issues, the Baileys have failed to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals regarding the form and contents of the brief. Rule 27 of the Tennessee Rules of Appellate Procedure provides, in pertinent part, that the brief of the Appellant shall contain:

> An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;....

Tenn. R.App. P. 27(7).

Rule 6 of the Rules of the Court of Appeals provides, in pertinent part:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

R. Ct.App. 6(b).

For good cause, this Court may suspend the requirements of the rules, "[h]owever, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean,* 40 S.W.3d 52, 54–55 (Tenn. Ct.App.2000). This is not an appropriate situation in which this Court will suspend these requirements.

The sections of the Baileys' brief dealing with their remaining issues contain nothing more than bare assertions that the Trial Court erred. These sections contain neither citations to the record showing where the alleged errors occurred, nor any argument or citations to case law or other authority indicating why the Trial Court may have been in error. The Baileys did not comply with the Rules of Appellate Procedure and the rules of this Court regarding these issues and, thus, have waived these issues on review. *See Bean,* 40 S.W.3d at 55.

We affirm the Trial Court's judgment in its entirety.

### *Conclusion*

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, James O. Bailey and Kim Ward Bailey, and their surety.