# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 14, 2015 Session

## STATE OF TENNESSEE v.
## CHRISTOPHER ANDERSON (IN RE: DAVID W. CAMP)

### Appeal from the Circuit Court for Madison County
### No. 14174    Roy B. Morgan, Jr., Judge

_____

### No. W2014-02219-CCA-R3-CD  -  Filed September 9, 2015

_____

Appellant, David W. Camp, appeals from the Madison County Circuit Court's finding of criminal contempt for his failure to appear at a scheduled court appearance for Mr. Camp's client, Christopher Anderson, the defendant in this case.  The trial court summarily convicted Appellant under Tennessee Rule of Criminal Procedure 42(a), finding that Appellant was in direct contempt of court and that Appellant's conduct was in the presence of the court.  The trial court relied upon text messages received from Appellant explaining his whereabouts at the time of the scheduled court appearance.  We conclude that the trial court's finding that Appellant's conduct was in the presence of the court is error, and therefore, we remand this case for a hearing in accordance with Tennessee Rule of Criminal Procedure 42(b).

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Reversed and Remanded

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

David W. Camp, Jackson, Tennessee, for the Appellant, David Wayne Camp.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel, James G. (Jerry) Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Facts*

Appellant, David Camp, was retained to represent Defendant on charges of possession of marijuana with intent to sell, possession of drug paraphernalia, and public intoxication. The record shows that on September 15, 2014, the parties appeared in the Madison County Circuit Court, before Judge Roy B. Morgan, Jr. A subsequent court date was scheduled, and the following exchange occurred:

> THE COURT: We need to set this for a future date and let counsel for State and defense look at it and determine what you wish to do next.
>
> And you're going to be here, General, any of these dates, so I'm going to let Mr. Camp choose what's best with his schedule.
>
> . . . .
>
> Mr. Camp, I'll throw these dates out at you and you decide. I've got October 6th, I've got October 14th. The 14th is a Tuesday. That's the day after Columbus Day. Then we've got October 24th at 8:00.

Mr. Camp checked his calendar and announced that "October 14th would work better for [him]."

On October 14, 2014, when the trial court called Defendant's case, Defendant answered that Mr. Camp had not arrived. The trial court stated, "[o]kay, we'll give him a few minutes." The court proceeded with other matters on the docket and then called Defendant's case again, but neither Defendant nor Mr. Camp were present in the courtroom. The record reflects that Defendant had left the courtroom to attempt to reach Mr. Camp by phone. The court again proceeded with other matters on the docket. This happened again, and the fourth time the case was called, the court clerk informed the court that the clerk's office had received a message from Mr. Camp that he was "in route from another county." The clerk stated that she received the message "at least an hour ago." The assistant district attorney informed the court that he had received a text message from Mr. Camp stating that he had gone to court in Crockett County first. Defendant told the court that Mr. Camp had sent him a copy of the plea offer and discussed it with him.

2

After a break, the trial court announced that it was finding Mr. Camp in contempt of court for his failure to appear at a scheduled court date. The court noted that court commenced at 8:00 a.m., and at 11:05 a.m., Mr. Camp had not arrived. The court read aloud text messages received from Mr. Camp, in which Mr. Camp acknowledged that he was aware court began at 8:00 a.m., and he chose to go to Crockett County for a 9:00 a.m. court appearance. In his text messages, Mr. Camp stated, "[i]t would keep me from having to travel back and forth to Alamo." He further explained, "I attempted to make a decision based on my calendar, with no disrespect intended to this Court. My office did call to advise Your Honor that I would be late. I did not anticipate being drawn into a contested hearing in Alamo. I apologize for the inconvenience to the Court." The court stated as follows:

> The Court finds that contempt of court is being considered in this matter. And contempt of court is any act that tends to hinder or delay the administration of justice.

> In this particular case this action has occurred in the presence of the Court. I note that a criminal contempt occurs when an act of misconduct is directed against the dignity and authority of the Court. In this particular case, Mr. Camp was given notice of the hearing date today. He's acknowledged that. He's not been present, so the act occurred in the Court's presence because of his failure to appear.

> . . . .

> This is a situation under Rule 42, Rules of Criminal Procedure, criminal contempt that a summary disposition can be made. The judge may summarily punish a person who commits contempt in the judge's presence. If the judge certifies that he or she saw or heard the conduct constituting the contempt in this particular case, again, it's in my presence because Mr. Camp failed to appear.

> And he - - still as of 11:05 today has not appeared. And has made it clear he chose to go to Crockett County for a 9:00 General Sessions hearing noting that we started at 8:00, and he was well aware of our 8:00 time. And, in fact, the Court's commonly known to accommodate counsel by coming in and starting before 8:00.

> So this is a criminal contempt matter. The Court finds Mr. Camp in criminal contempt for the reasons stated. No notice is necessary under these circumstances, and the Court can summarily under Rule 42 act

3

upon the matter. Summary means exactly that, no notice is necessary, no hearing is necessary under these circumstances.

Subsequently, Mr. Camp arrived at court and was informed of the court's action. Mr. Camp confirmed that he chose to go to court in Crockett County for a scheduled hearing at 9:00 a.m., and that he was aware that Defendant's case was set for 8:00 a.m. in Madison County. The trial court stated, "I've already made a finding of contempt on the record." Mr. Camp then requested that the court "allow [him] to at least on the record make statements to the Court[.]" The court responded, "I stand by my ruling. And again, I'll enter the order, but you're welcome to make statements." Mr. Camp then briefly explained the matter for which he was scheduled to appear at 9:00 a.m. in Crockett County. The court interrupted,

THE COURT: At 9:00.

MR. CAMP: - - 9:00, yes, sir. It's 9:00.

THE COURT: Let - - I'm going to apologize to you, but this was the point where you were supposed to be here at 8:00.

MR. CAMP: Yes, sir.

In a written order, the trial court found that Mr. Camp did not "receive any permission from the [trial court] to be excused from his 8:00 a.m. October 14, 2014, appearance." The trial court concluded "[t]hat the willful failure of defense counsel, David Camp, to appear before the Court at 8:00 a.m. on October 14, 2014, is [d]irect [c]ontempt of Court and subject to Tenn. R. Crim. P. 42(a) Criminal Contempt, summary disposition." The court imposed a suspended sentence of 10 days in confinement and a fine of $50.

*Analysis*

On appeal, Mr. Camp argues that he "did not demonstrate willful misbehavior and the actions did not occur in the presence of the court." The State responds that the record supports the trial court's determination that Mr. Camp committed criminal contempt by choosing to ignore his obligation to appear at a scheduled court date.

The contempt statute, in relevant part, authorizes courts to punish "willful misbehavior" pursuant to the contempt power:

4

Scope of Power. The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;

(2) The willful misbehavior of any of the officers of such courts, in their official transactions;

. . . .

T.C.A. § 29-9-102.

Courts have recognized two species of contempt – civil and criminal. *State ex rel. Anderson v. Daugherty*, 137 Tenn. 125, 191 S.W. 974, 974 (1917). Civil contempt is remedial in character and usually employed to compel obedience to a court order. *See, e.g.*, *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 354 (Tenn. 2008). Criminal contempt, by contrast, is "punitive in character," *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993), and is "intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). We have cautioned that criminal contempt charges should be used sparingly. *Robinson v. Air Draulics Engineering Co.*, 377 S.W.2d 908, 911-12 (Tenn. 1964) ("While the power to punish for contempt may and should be used in an appropriate case, it should not be used unless the case clearly calls for its exercise.").

Contempt can further be classified as "direct" or "indirect," depending on whether the misbehavior occurred in the court's presence. *Black*, 938 S.W.2d at 398. This classification is important in criminal contempt cases because Tennessee Rule of Criminal Procedure 42 allows for a summary proceeding if the contemptuous conduct occurs before the court; but if not, certain procedural protections must be observed, including notice, a hearing, and recusal if the contempt charge involves disrespect to or criticism of the judge. Tenn. R. Crim. P. 42. Specifically, Tennessee Rule of Criminal Procedure 42 provides as follows:

(a) Summary Disposition. – A judge may summarily punish a person who commits criminal contempt in the judge's presence if the judge certifies that he or she saw or heard the conduct constituting the contempt. The contempt order shall recite the facts, be signed by the judge, and entered in the record.

5

(b) Disposition on Notice and Hearing. – A criminal contempt shall be initiated on notice, except as provided in subdivision (a) of this rule.

(1) Content of Notice. – The criminal contempt notice shall:
 (A) state the time and place of the hearing;
 (B) allow the alleged contemner a reasonable time to prepare a defense; and
 (C) state the essential facts constituting the criminal contempt charged and describe it as such.

(2) Form of Notice. – The judge shall give the notice orally in open court in the presence of the alleged contemner or by written order, including an arrest warrant if warranted. The notice and order may also issue on application of the district attorney general, an attorney appointed by the court for that purpose, or an attorney representing a party in the case.

(3) Release on Bail. – The alleged contemner is entitled to admission to bail as provided in these rules.

(4) Disqualification of Judge. – When the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing, except with the alleged contemner's consent.

(5) Punishment Order. – If the court finds the alleged contemner to be in contempt, the court shall enter an order setting the punishment.

Tenn. R. Crim. P. 42. Courts must scrupulously adhere to these strictures because "summary punishment departs, often dramatically, from traditional notions of due process that are the hallmarks of criminal justice." *State v. Turner*, 914 S.W.2d 951, 957 (Tenn. Crim. App. 1995).

We conclude that the trial court erred when it proceeded summarily under Rule 42(a). The record is clear that the trial court premised its finding of contempt on Mr. Camp's failure to appear at the scheduled appearance time of 8:00 a.m. The court relied upon text messages from Mr. Camp, in which Mr. Camp explained that he was aware of the 8:00 a.m. appearance time, but that he chose to appear in another court at 9:00 a.m. The State acknowledges that our appellate courts have held that a willful failure to appear as directed is not subject to summary punishment as direct contempt. The State cites *Bailey v. Crum*, 183 S.W.3d 383 (Tenn. Ct. App. 2005), in which the Court of Appeals held that the trial court's order holding the respondent in contempt for failure to appear

violated due process and remanded the matter for a hearing pursuant to Rule 42(b). The appellate court reasoned that while the trial court witnessed the respondent's absence from court, the trial court was not a witness to her willfulness. Also, in *State v. Charles B. Bryan*, No. W1999-00620-CCA-R3-CD, 2000 WL 33288749 (Tenn. Crim. App., June 27, 2000), *no perm. app. filed*, a panel of this court reversed the trial court's summary finding of contempt for failing to appear for a scheduled court appearance, concluding that the trial court erroneously denied the defendant a hearing.

The State attempts to distinguish *Bailey* and *Bryan*, arguing that in those cases, the trial courts "did not have direct knowledge of the contemnors' reasons for failing to appear" because the trial courts in those cases did not have the benefit of text messages from the defendants. We disagree with the State's reasoning. Electronic communications, whether in the form of email, text messages, instant messaging, or phone communications cannot be a substitute for a hearing as contemplated by Rule 42(b). Despite the text messages from Mr. Camp and Mr. Camp's attempts to explain his reasons for being late to the trial court, Mr. Camp's conduct occurred outside the presence of the court. Therefore, the trial court should have followed the procedure outlined in Rule 42(b). Mr. Camp should have been provided notice, allowed a reasonable time for preparation of his defense, and an opportunity to be heard.

In conclusion, the trial court erred by denying a hearing as mandated by Tennessee Rule of Criminal Procedure 42(b). Accordingly, the conviction for criminal contempt is reversed, and this case is remanded for a hearing, after notice, on Appellant's contempt charge.

_____
THOMAS T. WOODALL, PRESIDING JUDGE