IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2016

**STATE OF TENNESSEE v. BRADLEY KEITH CATHEY**

**Appeal from the Circuit Court for Dickson County
No. 2015-CR-211, 2015-CR-212, 2015-CR-339, 2015-CR-340
Suzanne Lockert-Mash, Judge**

_____

**No. M2016-00384-CCA-R3-CD – September 1, 2016**

_____

The defendant, Bradley Keith Cathey, appeals the Dickson County Circuit Court's finding of criminal contempt for failing to appear at a scheduled attorney setting. The trial court found the defendant in direct contempt of court and summarily sentenced him to ten days incarceration. On appeal, the defendant contends that the trial court erred in finding him in summary contempt. Following our review, the judgment of the trial court is reversed and vacated. The cause is remanded for a hearing in accordance with Tennessee Rule of Criminal Procedure 42(b).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Vacated, and Remanded.**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Olin J. Baker, Charlotte, Tennessee, for the appellant, Bradley Keith Cathey.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; for the appellee, State of Tennessee.

**OPINION**

I. *Factual and Procedural History*

The defendant, Bradley Keith Cathey, was indicted for domestic assault, vandalism over $1000 but less than $10,000, and two instances of driving under the influence. The defendant appeared in the Dickson County Circuit Court on September 18, 2015. The court ordered the defendant to appear again with counsel on January 11,

2016. The defendant failed to appear at the January 11 court setting, and the court issued a capias warrant and conditional bond forfeiture against the defendant. The defendant appeared with counsel before the court on January 15, 2016, and through his attorney, moved to have the capias warrant and bond forfeiture set aside.

The court denied the defendant's motion. During the hearing on the motion to set aside, the defendant's counsel explained that the defendant's failure to appear was due to a simple scheduling mistake. Defense counsel represented that the defendant mistakenly marked Monday, January 18, 2016 as the next court setting, rather than the actual date of Monday, January 11, 2016. The trial court found the defendant in contempt, stating:

> THE COURT: All right. Well, we're going to try him on January 25th. The defendant was here on September 18th. He was told to be back here with counsel. He failed to show up. We revoked his bond. Since he now has counsel, I'll hold him in contempt and let him serve 10 days. He can come out after 10 days.

The record is quite sparse and bereft of any additional findings by the trial court as to the defendant's contempt charge. The trial court summarily sentenced the defendant to ten days incarceration. From the record it appears that the trial court did not enter a written order, signed by the judge, and establishing the basis for the contempt finding and the punishment ordered. The defendant requested bond for the contempt charges, and the court took the matter under advisement. This timely appeal followed.

## II. *Analysis*

On appeal, the defendant argues that the trial court erred when it summarily convicted him of criminal contempt. The defendant contends that his conduct was not willful misbehavior, and it did not occur in the presence of the trial court. The State agrees with the defendant, and concedes that the trial court committed reversible error. We agree.

Tennessee Code Annotated section 29-9-102 authorizes courts to inflict punishments for "willful misbehavior." Tenn. Code Ann. § 29-9-102. Specifically, the statute states:

> The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;

(2) The willful misbehavior of any of the officers of such courts, in their official transactions;

(3) The willful disobedience or resistance of any officer of the such courts, party, juror or any other person, to any lawful writ, process, order, rule, decree, or command of such courts;

(4) Abuse of, or unlawful interference with, the process or proceedings of the court;

(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or

(6) Any other act or omission declared a contempt by law.

Tenn. Code Ann. § 29-9-102.

Courts generally recognize two distinct forms of contempt, civil and criminal. *State v. Tina M. Dixon*, No. M2015-02382-CCA-R3-CD, 2012 WL 2356523, at *9 (Tenn. Crim. App. June 21, 2012). Civil contempt is remedial in nature and is typically used to ensure compliance with a court order. Whereas criminal contempt is punitive in nature and is generally intended to protect and uphold the authority of the court. *State v. Christopher Anderson*, W2014-02219-CCA-R3-CD, 2015 WL 5278378, at *3 (Tenn. Crim. App. Sept. 9, 2015) (*citing Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993)). Criminal contempt can be further classified as direct or indirect contempt. *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). Direct contempt occurs where the misbehavior is committed in the court's presence. *Id.* Indirect contempt occurs where the misbehavior is committed outside the court's presence. *Id.* Whether conduct is classified as direct or indirect contempt dictates what process must be afforded the defendant.

Tennessee Rule of Criminal Procedure 42(a) allows a judge to summarily find a defendant guilty of direct criminal contempt for willful misconduct committed in the court's presence. Tenn. R. Crim. P. 42(a). If the court finds a defendant to be in contempt the court shall enter an order on the record reciting the facts and signed by the judge. *Id.* However, where the court does not witness the defendant's willful misconduct, Tennessee Rule of Criminal Procedure 42(b) requires notice, a hearing, and recusal of the trial court judge if the contempt involves disrespect to or criticism of the

trial court judge. Tenn. R. Crim. P. 42(b). Rule 42(b) requires the court to: (1) establish the time and place of the hearing; (2) allow the alleged contemnor a reasonable amount of time to prepare a defense; and (3) state the essential facts constituting the contempt charge and describe it as such. *Id.* The notice must be given either orally in open court, or in writing on initiation of the judge or the district attorney general, an attorney appointed by the court for that purpose, or an attorney representing a party in the case. *Id.* The charged contemnor is also entitled to bail on the contempt charge. *Id.* If after the hearing the court finds the alleged contemnor to be in contempt, the court must enter an order setting the punishment. Tenn. R. Crim. P. 42 (b)(5). Courts should rigorously adhere to these procedural safeguards because of the unique due process considerations in criminal proceedings. *Christopher Anderson*, 2015 WL 5278378, at *4. The defendant in a criminal contempt proceeding must be proven guilty beyond a reasonable doubt. *Malmquist v. Malmquist*, 415 S.W.3d 826 (Tenn. 2011) (*citing Barber v. Chapman*, M2003-00378-COA-R3-CV, 2004 WL 343799, at *2 (Tenn. Ct. App. Feb. 23, 2004)).

The record indicates that the court relied solely on the defendant's failure to appear at the January 11, 2016 scheduled appearance in reaching its decision. "A willful failure to appear as directed is not subject to summary punishment as direct contempt." *Bailey v. Crum*, 183 S.W.3d 383, 389 (Tenn. Ct. App. 2005). In *Bailey*, the appellate court observed that although the trial court witnessed the defendant's absence from the hearing, the trial court did not witness the defendant's alleged willful conduct. *Id.*

The same is true in the instant case. Although the trial court witnessed the defendant's absence from the January 11, 2016 attorney setting, the defendant's alleged willful conduct occurred outside of the court's presence or ability to perceive. Thus, the trial court erred by proceeding summarily under Tennessee Rule of Criminal Procedure 42(a), and should have followed the notice and hearing procedures under Tennessee Rule of Criminal Procedure 42(b). The defendant was not provided with notice, an adequate opportunity to prepare a defense, and an opportunity to be heard. Furthermore, the defendant was entitled to bail on the contempt charge, which there is no indication in the record, that such bail was provided.

In conclusion, the trial court erred when it summarily found the defendant guilty of criminal contempt, and denied the defendant notice and a hearing as required by Tennessee Rule of Criminal Procedure 42(b). Furthermore, the trial court failed to enter a written order in the record setting forth the punishment as required by Tennessee Rule of Criminal Procedure 42(b)(5). Therefore, the trial court's judgment is reversed, the conviction vacated, and the case remanded for a hearing after proper notice.

_____
J. ROSS DYER, JUDGE