IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs April 19, 2017

**STATE OF TENNESSEE v. EBONY HOUSTON**

**Appeal from the Criminal Court for Wilson County**
**No. 16-CR-787     Brody N. Kane, Judge**

———————————————

**No. M2016-01649-CCA-R3-CD**

———————————————

The Defendant, Ebony Houston, appeals the Wilson County Criminal Court's finding of criminal contempt for failure to appear at a show cause hearing. The Defendant argues, and the State concedes, that the trial court violated her due process rights when it found her in contempt without providing notice or an opportunity to prepare for the hearing. Following our review, we reverse the Defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed,**
**Vacated, and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

M. Don Himmelberg, Nashville, Tennessee for the Defendant-Appellant, Ebony Houston.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Justin Harris, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 12, 2016, the State of Missouri filed an application in the Wilson County Criminal Court requesting that the Defendant be ordered to appear as a witness in a pending criminal matter in St. Louis County, Missouri. The application and attached affidavit indicate that the Defendant was a necessary and material witness because she had "worked at the time for Children's Division and participated in the investigation of allegations against [the Missouri defendant in the pending criminal matter]."

The same day, the Wilson County Criminal Court issued an order directing the Defendant to appear the following day, July 13, 2016, at 8:30 a.m., to "show cause[,] if any[,] why she should not be ordered to appear as a witness" in St. Louis County. The Defendant failed to appear at the July 13, 2016 show cause hearing. The trial court issued an attachment directing the Wilson County Sheriff to arrest the Defendant and hold her without bond "until which time a hearing is held." The Defendant was arrested, and a hearing was held on July 14, 2016.

At the July 14, 2016 hearing, the Defendant, appearing pro se, was sworn-in as a witness and extensively questioned by the trial court. The Defendant testified that she had never seen the show cause order and that she "wasn't served with anything." She said that, on July 12, 2016, she was informed by an attorney with the Tennessee Department of Children's Services ("DCS") that the State of Missouri's application had not been filed in Tennessee and that her case was not on the docket. She also called the Wilson County courts and confirmed that her case was not on the docket. The Defendant also testified that, during this time, she was on temporary medical leave ordered by her doctor and that both her supervisor and the DCS attorney were aware of her condition and agreed to appear in court and inform her if she was added to the docket. On the day of the show cause hearing, the Defendant received a text message from the same DCS attorney informing her that she needed to be in court. However, the Defendant testified that law enforcement was already at her house by the time she received the message.

The State prosecutor testified that he had previously contacted the Defendant by e-mail and asked the Defendant "to contact us immediately regarding a case out of St. Louis County." The prosecutor said that the Defendant responded on Sunday, July 10, 2016, that she would not be willing to travel to St. Louis County. The prosecutor then proceeded to file the State of Missouri's application on July 12, 2016, and had a State investigator "go find [the Defendant]." The State investigator testified that he spoke with several DCS attorneys, and that the last attorney he spoke with assured him that the Defendant was going to be in court on July 13, 2016. The prosecutor also testified that he faxed a copy of the show cause order to the DCS office or a DCS attorney.

Upon more questioning by the trial court, the Defendant conceded that she was aware she was supposed to be in court for the show cause hearing, but that she chose not to appear based on her doctor's orders. The Defendant said that she was never contacted directly by the State investigator.

The trial court concluded that the Defendant was in contempt for failing to appear. In its order of contempt, the trial court stated that "[the Defendant's] failure to appear, despite her admitting actual notice of her [s]how [c]ause [o]rder, constitutes willful and deliberate [c]ontempt of [c]ourt." The trial court also stated that, because the State's

investigator "was assured that [the Defendant] was aware of the [s]how [c]ause [o]rder . . . personal service was not necessary." The Defendant now timely appeals.

## ANALYSIS

On appeal, the Defendant argues that the trial court violated her due process rights by finding her in contempt of court without providing her notice, an opportunity to be heard, and a proper hearing pursuant to Tennessee Rule of Criminal Procedure 42. The State concedes the issue.

As an initial matter, we are compelled to note that our review is constrained by the limited record provided on appeal. The record does not contain the judgment form or a minute entry memorializing the trial court's July 14, 2016 ruling. However, the trial court did enter an order of contempt on October 28, 2016, nunc pro tunc July 14, 2016, which will enable this court to consider this case.

Tennessee courts are empowered "to issue attachments, and inflict punishments for contempts of court" based upon "[t]he willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice" or "[t]he willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." T.C.A. §§ 29-9-102(1), (3). Criminal contempt is a misdemeanor, and as such is punishable by "fine or imprisonment, or both." Id. § 29-9-103(a). However, unless otherwise specified, fines may not exceed fifty dollars and imprisonment may not exceed ten days. Id. § 29-9-103(b).

"Rights of due process in the contempt context vary according to whether the contempt is categorized as criminal or civil." Bailey v. Crum, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005). The Tennessee Supreme Court has noted that "[c]ivil contempt is remedial in character and is applied when a person refuses or fails to comply with a court order." Baker v. State, 417 S.W.3d 428, 436 (Tenn. 2013) (citing State v. Beeler, 387 S.W.3d 511, 520 (Tenn. 2012)). "A civil contempt action is brought to force compliance with the order and thereby secure private rights established by the order." Baker, 417 S.W.3d at 436 (citing Overnite Transp. Co. v. Teamsters Local Union No. 480, 172 S.W.3d 507, 510 (Tenn. 2005)). "Criminal contempt, by contrast, is designed 'to preserve the power and vindicate the dignity and authority of the law and the court as an organ of society.'" Baker, 417 S.W.3d at 436 (quoting Beeler, 387 S.W.3d at 520). Accordingly, "[s]anctions for criminal contempt are generally both punitive and unconditional in nature, designed to punish past behavior, not to coerce directly compliance with a court order or influence future behavior." Baker, 417 S.W.3d at 436.

- 3 -

Criminal contempt is also categorized as either "direct" or "indirect." See Tenn. R. Crim. P. 42. "Direct contempt is based upon acts committed in the presence of the court and may be punished summarily, whereas indirect contempt occurs outside the presence of the court and requires notice and an opportunity to be heard." Baker, 417 S.W.3d at 436, n.7 (citing Black v. Blount, 938 S.W.2d 394, 398 (Tenn. 1996)); see also Tenn. R. Crim. P. 42(a). If the court finds the alleged contemnor to be in contempt after the hearing, the court must enter an order setting the punishment. Tenn. R. Crim. P. 42(b)(5). Courts should rigorously adhere to these procedural safeguards because of the unique due process considerations in criminal proceedings. State v. Christopher Anderson, No. W2014-00219-CCA-R3-CD, 2015 WL 5278378, at *4 (Tenn. Crim. App. Sept. 9, 2015) (citing State v. Turner, 914 S.W.2d 951, 957 (Tenn. Crim. App. 1995)).

The Tennessee Court of Appeals has held that a willful failure to appear is not subject to summary punishment as direct contempt. Bailey, 183 S.W.3d at 389. In Bailey, the trial court found the defendant guilty of willful contempt when it witnessed the defendant's absence from a hearing; however, because the trial court did not witness the defendant's "willfulness," the conduct constituted indirect contempt. Id. Therefore, pursuant to Tennessee Rule of Criminal Procedure 42(b), notice and a hearing were required. Id.; see also State v. Bradley Keith Cathey, No. M2016-00384-CCA-R3-CD, 2016 WL 4578832 (Tenn. Crim. App. Sept. 1, 2016) (finding that the trial court erred by finding the defendant guilty of criminal contempt for failure to appear and by not following the notice and hearing procedures of Rule 42(b)); see also Christopher Anderson, 2015 WL 5278378 (finding that the trial court erred by finding a defendant guilty of contempt for failure to appear without a hearing despite the trial court's knowledge of the defendant's reason for missing his scheduled appearance); see also State v. Charles B. Bryan, No. W1999-00620-CCA-R3-CD, 2000 WL 33288749 (Tenn. Crim. App. June 27, 2000) (finding that the trial court erred by finding the defendant guilty of contempt for willful failure to appear without a hearing pursuant to Rule 42(b)). The record shows that the trial court relied solely on the defendant's failure to appear at the July 13, 2016 scheduled appearance in reaching its decision. Accordingly, this appeal involves indirect criminal contempt.

As previously noted, "'trial courts may impose punishment for indirect criminal contempt only after providing notice pursuant to Tenn. R. Crim. P. 42(b).'" Bailey, 183 S.W.3d at 388 (quoting Jones v. Jones, 01A01-9607-CV-00346, 1997 WL 80029, at *8 (Tenn. Ct. App. Feb. 26, 1997). Specifically, the notice provision of Rule 42(b) requires the court to: (1) establish the time and place of the hearing; (2) allow the alleged contemnor a reasonable amount of time to prepare a defense; and (3) state the essential facts constituting the contempt charge and describe it as such. Tenn. R. Crim. P. 42(b)(1)(A)-(C). The notice must be given either orally in open court in the presence of the alleged contemner or by written order. Tenn. R. Crim. P. 42(b)(2).

Here, the record shows that no notice was provided to the Defendant regarding her contempt charge. Rather, the trial court immediately issued an attachment for the Defendant's arrest upon her failure to appear at the show cause hearing. While we recognize the authority of trial courts to enforce their orders, like the instant show cause order, "those goals must be achieved only through processes that comply with basic due process as are set forth in Tenn. R. Crim. P. 42(b)." State v. Elder Mark Anthony Thornton, No. M2011-02444-CCA-R3-CD, 2013 WL 322202, at *6 (Tenn. Crim. App. Jan. 29, 2013) (finding that the trial court erred by failing to give proper notice of criminal contempt charges). In this case, the trial court disregarded the basic due process requirements of Rule 42(b) by failing to give the Defendant proper notice, and, accordingly, "convictions based on conduct not properly charged cannot be sustained." Id. The Defendant's conviction is therefore reversed and vacated.

## CONCLUSION

Based on the foregoing authority and analysis, we reverse and vacate the Defendant's conviction and remand to the Wilson County Criminal Court for further proceedings.

_____
CAMILLE R. McMULLEN, JUDGE