IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2001 Session

**KIMBERLY J. SVACHA, ET AL. v.
WALDENS CREEK SADDLE CLUB, ET AL.**

**Appeal from the Circuit Court for Sevier County**
**No. 96-1309-III     Rex Henry Ogle, Judge**

**FILED AUGUST 13, 2001**

**No. E2000-03121-COA-R3-CV**

---

The Trial Court granted Defendants' motion for summary judgment relying, at least in part, on oral testimony from one of the Plaintiffs. This testimony was not transcribed, filed with the Trial Court, and provided to this Court as part of the record on appeal. Due to the somewhat peculiar procedural aspects of this case, we conclude that Defendants had the responsibility to file a transcript of this testimony. Because we cannot evaluate the propriety of the grant of summary judgment without having before us this evidence relied on by the Trial Court, we vacate the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal As of Right; Judgment
of the Circuit Court Vacated; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Robert L. Ogle, Jr., Sevierville, Tennessee for the Appellants Kimberly and William Svacha.

David H. Parton, Gatlinburg, Tennessee, for the Appellees Benjamin and Mary Darnell, and Waldens Creek Saddle Club.

## OPINION

## Background

This lawsuit arises out of an incident which occurred in May of 1996 when Kimberly and William Svacha ("Plaintiffs") went horseback riding. Plaintiffs rented horses from Benjamin and Mary Darnell, who operate Waldens Creek Saddle Club ("Defendants") in Pigeon Forge. Ms. Svacha was injured after falling off the horse she was riding allegedly because the saddle slipped. After amending the complaint, Plaintiffs claimed that Defendants and their agents were negligent in supplying faulty equipment and were grossly negligent in not properly supervising, applying and adjusting the saddle and/or tack on the horse Ms. Svacha was riding which caused the saddle to slip and Ms. Svacha to fall. Plaintiffs further allege that Defendants and their agents knew or should have known that the horse was not properly saddled.

Prior to riding the horses, Plaintiffs signed a release which provides, in relevant part, as follows:

> I hereby acknowledge that I am willing to participate in the activities at the Waldens Creek Saddle Club's Horse Riding Stables at my own risk. I fully realize that horse riding is a potentially dangerous activity with its own unique hazards as horses are spontaneous individual animals not subject to any set pattern of activity and they pose a risk at all times. I feel confident that I have asked all necessary questions of Waldens Creek Saddle Club to prepare myself for horse riding and Waldens Creek Saddle Club has made no warranties either expressed or implied, no guarranty (sic), and no statement of any kind as to the particular condition of any horse or of the horse I am to ride. I, THEREFORE, HEREBY RELEASE WALDENS CREEK SADDLE CLUB, any related companies, any owner of equipment or property used in the activities, and any and all employees, officers, and/or directors of any of the above organizations and/or individuals, from ANY AND ALL LIABILITY, RESPONSIBILITY, AND/OR OBLIGATION they may or may not have with regard to any accident, incident, occurance (sic), and/or injury that may result from my participation in the services and activities available from Waldens Creek Saddle Club .… AGAIN, I AGREE THAT I AM RIDING AT MY OWN RISK.

Defendants filed a motion for summary judgment asserting: 1) Plaintiffs' claims had been released with the execution of the above waiver; 2) Plaintiffs' claims were barred by Tenn. Code Ann. § 44-20-101, the Equine Activities statute; and 3) there were no facts to support a claim that Defendants knowingly provided faulty equipment or that they were grossly negligent. In support of the motion, Defendants filed the Affidavit of Dr. William R. Backus, an Associate Professor in

-2-

the Department of Animal Science at the University of Tennessee Institute of Agriculture. Dr. Backus stated that a saddle slipping was an inherent risk of horseback riding. Plaintiffs countered with the affidavit of Frank Lackey ("Lackey"). Lackey had over 50 years of experience in training, showing, and judging horses. He also stated that he was familiar with the riding stables in East Tennessee and particularly Waldens Creek Saddle Club. Lackey essentially concluded that "the person and/or employee of the Defendants was grossly negligent in saddling the horse in manner (sic) in which it was saddled."

The Trial Court denied Defendants' motion for summary judgment, although the specific reason(s) for the denial were not set forth in the order. On May 8, 2000, the trial began. The prospective jurors were sworn in, voir dire was undertaken, and a panel of jurors was selected. Thereafter, Plaintiff Kimberly Svacha was questioned outside the presence of the jury concerning a Motion in Limine regarding the validity of the release. The testimony of Ms. Svacha was not filed with the Trial Court or provided to this Court on appeal. The record does, however, contain the dialogue between counsel and the Trial Court immediately following this testimony. During this discussion, the Trial Court indicated that the release was valid and the only issue for trial was whether there was any gross negligence because the release would bar an action for ordinary negligence. The Trial Court also stated that "from the statements … of counsel *and the witness*, the Court would think that the failure to properly tie a girt strap or a saddle is just a matter of degree as it relates to ordinary negligence.…"(emphasis added). Counsel for Plaintiffs then argued that the degree of negligence (i.e., ordinary versus gross) was a factual question in light of the affidavit of their expert. Plaintiffs' counsel also pointed out that the Trial Court had already ruled on whether there was any material factual dispute when Defendants' motion for summary judgment was previously denied. The Trial Court responded by stating: "Yeah, but I hadn't heard her testimony …." The Trial Court excused the jury and continued the trial date.

Defendants filed a renewed motion for summary judgment, which was granted by the Trial Court. In granting the motion, the Trial Court stated: (1) that the release was binding; (2) Plaintiffs would have to prove gross negligence in order to overcome the effect of the release; (3) that Plaintiffs had not shown any gross negligence; and (4) slippage of saddles is an inherent risk in horseback riding. Plaintiffs appeal the granting of Defendants' renewed motion for summary judgment.

**Discussion**

Plaintiffs state the issue as whether the Trial Court erred in granting Defendants' renewed motion for summary judgment. Plaintiffs make several arguments in support of their position that the Trial Court erred in granting summary judgment to Defendants. Our resolution of this appeal on a procedural ground makes it unnecessary to address the additional arguments put forth by Plaintiffs.

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn

> from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

For some unknown reason, the testimony of Plaintiff Kimberly Svacha heard by the Trial Court on May 8, 2000, was not transcribed and filed with the Trial Court. On appeal, Defendants admit the importance of this testimony with regard to the success of their motion for summary judgment, but claim that Plaintiffs had the responsibility to make sure that this evidence was included in the record. In their brief on appeal, Defendants make the following statement:

> On May 8, 2000, the case came on for trial …. A jury was selected and excused while the Judge conducted a hearing on the Motions in Limine. The Plaintiffs' attorney called Mrs. Svacha as a witness in support of his motion to exclude the release of liability. During Mrs. Svacha's testimony, it became apparent to the Court that the Motion for Summary Judgment filed by the Defendants should have been granted and that the case should be dismissed. The Plaintiffs have not filed a transcript of this hearing or any summary of the proceedings as required by Rule 24 of the Tennessee Rules of Appellate Procedure.

While Rule 24(a) of the Tenn. R. App. P. does place the primary burden on the appellant to prepare a proper record on appeal, the appellee shares some of the responsibility to make sure the record is complete. *See McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989), *cert. denied*, 493 U.S. 859, 100 S. Ct. 168 (1989)("The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence squarely on the shoulders of the parties. The appellant has the primary burden to see that a proper record is prepared on appeal and filed in this Court."). Rule 24(a) provides, in relevant part, as follows:

> If less than the full record on appeal as defined in this subdivision is deemed sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal or if a party wishes to include any papers specifically excluded in this subdivision, the party shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the record the appellant intends to include on appeal, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee deems any other parts of the record to be necessary, the appellee shall,

within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included.

Given the somewhat peculiar procedural posture of this case, we believe it was incumbent on Defendants to file with the Trial Court and furnish to this Court Kimberly Svacha's testimony since this testimony was relied on by the Trial Court to grant their motion for summary judgment. Rule 56 of the Tenn. R. Civ. P. certainly contemplates that the proof in support of a motion for summary judgment will be filed with the Trial Court rather than received orally. For example, Rule 56.03 requires the filing of a statement of material facts as to which there is no genuine issue. Rule 56.04 permits the granting of summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact …." Defendants had more than ample time to have this testimony transcribed and filed with the Trial Court in support of their "renewed" motion for summary judgment.

Rule 4 of the Rules of the Court of Appeals of Tennessee also supports our holding. The clear intent of Rule 4 is that we have furnished to us in the record everything the trial court "considered in reaching a decision on the motion for summary judgment …." Under the procedural facts of this case, this requirement could not be satisfied without a transcript of Ms. Svacha's testimony being filed with the Trial Court so that it could be included in the record furnished to this Court. This was not done.

If this were an appeal after trial, we would be inclined to agree with Defendants that the burden was upon Plaintiffs to furnish the transcript of Ms. Svacha's testimony. This appeal, however, concerns the granting of summary judgment to Defendants. We accept Defendants' position that the Trial Court apparently considered Ms. Svacha's testimony in arriving at its decision to grant to Defendants summary judgment. It is a Rule 56 movant's burden to see that all proof considered by a trial court in arriving at its determination to grant a motion for summary judgment is "on file." *See* Tenn. R. Civ. P. 56.04. If, as in this case, a trial court relies upon oral testimony of a witness, the Rule 56 movant bears the responsibility of seeing that a transcript of that oral testimony is "on file."

We conclude that Defendants had the responsibility to make sure that the testimony upon which the Trial Court relied (at least in part) in granting their motion for summary judgment was "on file" and in the record on appeal. Without this potentially crucial evidence in the record, we cannot determine if the Trial Court properly granted Defendants' motion. We vacate the granting of Defendants' motion for summary judgment. This case is remanded to the Trial Court for further proceedings as necessary.

## Conclusion

The judgment of the Trial Court is vacated. This case is remanded to the Trial Court for further proceedings as necessary consistent with this Opinion. Exercising our discretion, costs on appeal are taxed one-half to Benjamin and Mary Darnell, and Waldens Creek Saddle Club, and one-half to Kimberly J. Svacha and William Svacha.

_____
D. MICHAEL SWINEY, JUDGE