IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 30, 2005 Session

## CATHEY JENKINS JACKSON v. JOHN JACKSON, III

**An Appeal from the Chancery Court for Shelby County**
**No. D-28112-1-3      D. J. Alissandratos, Chancellor**

**No. W2003-01397-COA-R3-CV - Filed May 16, 2006**

This is an appeal from a post-divorce criminal contempt proceeding. The parties were divorced by final decree in July 1999. The divorce decree incorporated the parties' marital dissolution agreement, in which the husband agreed to pay the wife spousal support over a period of time. The husband did not make the support payments, and consequently the wife filed several motions for criminal contempt against the husband. After a hearing, the trial court entered an order reserving judgment on the issue of the husband's criminal contempt, but requiring a non-party corporation in which the husband was a shareholder to pay to the wife a portion of the monies received by the corporation in satisfaction of the husband's support obligation. The husband now appeals, arguing that the trial court erred in holding the corporation liable for his personal debt. We dismiss the appeal, finding that it is not an appeal from a final order, and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed for Lack of Jurisdiction**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Curtis D. Johnson, Jr., Memphis, Tennessee, for the Respondent/Appellant, John Jackson.

Linda L. Holmes, Memphis, Tennessee, for the Petitioner/Appellee, Cathey Jackson.

### OPINION

Petitioner/Appellee Cathey Jackson ("Wife") and Respondent/Appellant John Jackson ("Husband") were divorced by final decree in the trial court on July 15, 1999. The divorce decree incorporated the parties' marital dissolution agreement ("MDA"), in which Husband agreed to pay Wife spousal support of $179,800 over a period of time. Husband did not make the payments as scheduled.

Husband is a shareholder in a business called Jackson Person & Associates, Inc. ("Jackson Person & Associates"). The nature of Husband's involvement in the corporation's business is not clear from the appellate record.

In light of Husband's failure to pay the required support, Wife filed several petitions for contempt against Husband. On February 5, 2003, the trial court held a hearing on one of Wife's petitions for contempt. The record on appeal does not include a transcript of that hearing. On February 20, 2003, the trial court entered an order entitled "Order On Criminal Contempt." In the order, the trial court specifically reserved ruling on the issue of contempt against Husband. Rather than adjudicating the contempt petition, the trial court ordered that 25% of all payments received by either Husband or Jackson Person & Associates must be paid directly to Wife until Husband's support obligation was satisfied. The order reads:

> A ruling of criminal contempt of John Jackson, III, is hereby reserved by the Court at this time but may be revisited upon request of [Wife].
> All books, records, financial information, etc. *of Jackson Person & Associates, Inc.* and John Jackson, III, are to be available and open to Linda L. Holmes, attorney for [Wife], or a CPA or accountant of [Wife's] designation. A confidentiality agreement and/or protective order shall be signed by any designee of [Wife] or her attorney.
> Twenty Five percent (25%) of any and all payments *received by Jackson Person & Associates* or John Jackson, III, or anyone acting on his behalf as of 10:30 a.m., February 4, 2003, and thereafter shall be paid directly to [Wife] until all spousal support including interest has been fully paid from John Jackson, III to [Wife]. On January 31, 2003, the total amount of spousal support plus interest is $174,525.17.
> John Jackson, III shall also pay to [Wife] thirty percent (30%) of any and all of his personal income after deduction of child support, health insurance, allowable income taxes and social security. Said payments shall continue until all spousal support plus interest is fully paid.
> Any award of attorney fees shall be reserved at this time with instructions to attorney [sic] to discuss and attempt to resolve the issue of attorney fees.

(Emphasis added.) Thus, the trial court ordered Husband and Jackson Person & Associates, a non-party, to make payments to Wife out of all payments received by or on behalf of them, and it also ordered Husband to pay Wife 30% of his personal income. The trial court reserved the issue of attorney's fees.

On March 20, 2003, Husband, proceeding *pro se*, filed a notice of appeal from the February 20, 2003 order. Thereafter, on April 1, 2003, Jackson Person & Associates filed a petition with the

trial court to intervene in order to protect its interest.[1] The motion to intervene was never placed on the motion docket, nor was it heard by the trial court.

On August 20, 2003, Husband provided this Court with notice that he had filed a petition for bankruptcy in the bankruptcy court. By order entered August 26, 2003, we stayed proceedings in this matter until such time as the stay was no longer in effect. In March 2005, the stay was lifted, and this Court entered an order vacating the August 26, 2003 order and permitting Husband's appeal to proceed in due course.

On appeal, Husband argues that the trial court erred in requiring that a third party, Jackson Person & Associates, make payments to satisfy his personal debt. He notes that Jackson Person & Associates is a distinct legal entity, wholly apart from him, and that the trial court made no finding in this case that the corporate entity should be disregarded. Husband claims that there are no facts in the record which would support a determination that the corporation was a "sham or a dummy," or that corporate formalities were not observed. Husband also contends that the trial court erred in ordering him to make payments from his future earnings, because alimony *in solido* should be paid out of the obligor's present estate.

In response, Wife argues that the language in the trial court's order indicates that it considered evidence presented at the numerous hearings and concluded that Jackson Person & Associates was the alter ego of Husband, the sole shareholder of the corporation.[2] She claims that the trial court implicitly found that Husband was improperly padding the pay of certain corporate employees, particularly his secretary, whom he later married, and that he manipulated the salary he received from Jackson Person & Associates in order to avoid paying his support obligation. Wife claims that the trial court was correct in reserving its ruling on the contempt charge against Husband and in directing Husband to pay his debt to Wife through his business.

We review the trial court's decision *de novo* on the record, presuming those findings to be correct unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d). We review questions of law *de novo*, with no such presumption of correctness. ***Id.***

We note at the outset that the appellate record contains no evidence of the proceedings that took place in the trial court. Husband has submitted neither a transcript of the proceedings nor a Statement of the Evidence under Tennessee Rule of Appellate Procedure 24(c). In addition, Husband did not file a notice that no transcript or statement of the evidence would be filed under Rule 24(d). The appellant bears the primary burden of preparing a fair, accurate, and complete record

---

[1] The motion to intervene was filed on behalf of Jackson Person & Associates by attorney Curtis D. Johnson, Jr., counsel for Husband in this appeal.

[2] Initially, before the trial court, Wife disputed whether Jackson Person & Associates was a corporation. In her appellate brief, however, Wife states that Husband "is the sole owner and shareholder" of the business, and Husband refers to Jackson Person & Associates as a corporation. Therefore, for purposes of this appeal, we presume that Jackson Person & Associates is a corporation.

on appeal, and the appellee shares some responsibility for ensuring that the record is adequate.  *See Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005); *Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851, 855 (Tenn. Ct. App. 2001).  Ordinarily, "[a]n appellant who elects not to file either a transcript or a statement of the evidence will be faced with the practically insurmountable presumption that the record contained sufficient evidence to support the trial court's decision."  *Savage v. Hildenbrandt*, No. M1999-00630-COA-R3-CV, 2001 WL 1013056, at *6 (Tenn. Ct. App. Sept. 6, 2001).  In the absence of a transcript or a statement of the evidence, we ordinarily presume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's decision.  *Tallent v. Cates*, 45 S.W.3d 556, 562 (Tenn. Ct. App. 2000).

More importantly, although neither party raises the issue, we are compelled to consider whether this is a final and appealable judgment, and consequently whether this Court has subject matter jurisdiction to hear this appeal pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure.  Under Rule 13(b), "[t]he appellate court shall . . . consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."  T.R.A.P. 13(b); *see Vance v. McEwan*, No. W2005-00060-COA-R3-CV, 2005 WL 3487813, *4-*5  (Tenn. Ct. App. Dec. 21, 2005); *Mosley v. Mosley*, No. E2000-01445-COA-R3-CV, 2000 WL 1859006, at *2 (Tenn. Ct. App. Dec. 20, 2000).  Rule 3 of the Tennessee Rules of Appellate Procedure provides that, "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right."  T.R.A.P. 3(a).  Conversely, unless the trial court's decision is a final judgment or is otherwise made appealable under the Tennessee Rules of Civil Procedure, this Court does not have subject matter jurisdiction to hear Husband's appeal.[3]

An order on criminal or civil contempt is considered to be a final order and is appealable as of right.  *See Bailey v. Crum*, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005).  In this case, however, the trial court did not adjudicate Wife's petition for criminal contempt.  Rather, it reserved its ruling on the contempt charge against Husband, stating that Wife's petition could be revisited at Wife's request.  In addition, the trial court reserved its ruling on Wife's request for attorney's fees.  The remainder of the trial court's decision is, in effect, a mandatory injunction ordering Husband and Jackson Person & Associates to make payments to Mother from money the corporation receives.[4]

---

[3]Rule 54.02 of the Tennessee Rules of Civil Procedure allows a trial court to make a judgment appealable as of right when fewer than all claims have been adjudicated and "there is no just reason for delay."  T.R.C.P. 54.02; *see Mosley v. Mosley*, No. E2000-01445-COA-R3-CV, 2000 WL 1859006, at *2 (Tenn. Ct. App. Dec. 20, 2000).

[4]The basis on which the trial court held Jackson Person & Associates, a non party, liable for the debt of Husband is unclear from the record.  The trial court necessarily determined that the corporation was the alter ego of Husband.  Ordinarily, a party will seek to disregard a corporate form or "pierce the corporate veil" in order to hold an individual shareholder liable for the debts of the corporation. *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 866 n.12 (Tenn. Ct. App. 2000); *see VP Buildings, Inc. v. Polygon Group*, No. M2001-00613-COA-R3-CV, 2002 WL 15634, at *4-*5 (Tenn. Ct. App. Jan. 8, 2002) (discussing the doctrine).  Here, by holding the corporation liable for the debt of Husband, the trial court turns that doctrine on its head.  *See S.E.A., Inc. v. Southside Leasing Co.*, No. E2000-00631-COA-R3-CV, 2000 WL 1449852, at *10 (Tenn. Ct. App. Sept. 29, 2000).  Since the corporation was not
(continued...)

It is unclear from this sparse record whether Wife requested this relief or whether the trial court simply awarded it *sua sponte*. In any event, it seems that the trial court's order merely fashioned injunctive relief for Wife, while reserving a ruling on the merits of the petition for contempt and Wife's request for attorney's fees. "Any conditional Order that reserves any substantive matter for hearing at a later date is not final." **Sullivan County v. Lyon**, No. E2003-01107-COA-R3-CV, 2005 WL 1669718, at *1 (Tenn. Ct. App. July 27, 2004); **see Headrick v. Headrick**, No. E2004-00730-COA-R3-CV, 2005 WL 524807, at *2-*3 (Tenn. Ct. App. Mar. 7, 2005). Because the trial court's order reserves ruling on these issues, it is not a final order. Therefore, this court does not have subject matter jurisdiction to hear this appeal, and it must be dismissed. We remand this cause to the trial court to conduct further proceedings.

The appeal is dismissed for lack of subject matter jurisdiction. Costs on appeal are to be taxed to Appellant John Jackson, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[4](...continued)
a party to the proceedings, the trial court's authority for this injunctive relief against the corporation is unclear.