IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2011

## JEROME DEGANS v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 09218C      Jeffrey S. Bivins, Chancellor**

_____

**No. M2011-00176-COA-R3-CV - Filed February 8, 2012**

_____

Inmate filed petition seeking review of decision of prison disciplinary board. Trial court dismissed petition for failure to comply with applicable constitutional and statutory provisions. Finding that the trial court did not err, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Jerome Degans, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Bill Young, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

Petitioner, Jerome Degans, an inmate of the Tennessee Department of Corrections, filed a petition for writ of certiorari in Hickman County Chancery Court in June of 2009 seeking review of his March 18, 2009 conviction of assault by the Turney Center Disciplinary Board. On July 21, 2009, the court entered an order dismissing the petition,

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

holding that "[t]he filing is not sufficiently formatted as required by statute and more than 60 days have passed, and therefore, the petition is time barred as per T.C.A. 27-9-102." Mr. Degans appealed the dismissal and on August 5, 2010, this court dismissed the appeal for lack of a final judgment. *Degans v. Tenn. Dep't. of Corr.*, No. M2009-01820-COA-R3-CV, 2010 WL 3064471 (Tenn. Ct. App. August 5, 2010).

It appears that, following our dismissal of the appeal, Mr. Degans mailed a revised petition to the Hickman County Clerk and Master which, ultimately, was returned to him unfiled.[2] On September 13, 2010, Respondents filed a motion to dismiss the petition for lack of jurisdiction and failure to state a claim, asserting that the petition was not properly verified and that it was barred by the limitations period applicable to certiorari petitions. By order entered October 5, 2010, the trial court granted the motion. Mr. Degans filed a motion pursuant to Rule 59.04, Tenn. R. Civ. P., which the court denied on December 16, 2010. This appeal ensued. Mr. Degans raises two issues for review, one relating to the merits of his petition and the other assigning error to the dismissal of the petition.

DISCUSSION

Initially, we must consider the fact that the amended petition, which was dismissed by the court, is not a part of the record on appeal. It is incumbent upon the appellant to provide this Court with an adequate appellate record for review. *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (citing *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005)); *Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851, 855 (Tenn. Ct. App. 2001). We are generally precluded from addressing an issue on appeal when the record fails to include the documents relevant to that issue. *State v. Zirkle*, 910 S.W.2d 874, 884 (Tenn. Crim. App. 1995) (denial of motion for continuance affirmed because defendant failed to include the motion in the appellate record). Upon review of the entire record, however, and in the interest of justice, we shall consider the propriety of the dismissal of the amended petition.[3]

_____

[2] The amended petition is not a part of the record on appeal. The documents contained in the record filed with this Court dated after August 5, 2010 are the following: (1) mandate issued October 5, 2010; (2) Summons issued by or on behalf of Mr. Degans to the Tennessee Department of Corrections, c/o Office of the Attorney General, on September 10, 2010; (3) Motion to Dismiss and supporting memorandum filed September 13, 2010; (4) "Motion to Remove Time Bar or Render Final Judgement" filed by Mr. Degans on September 15, 2010; (5) Order of Dismissal entered October 5, 2010; (6) "Motion For Amendment Of Erred Judgment" and supporting memorandum and attachments filed by Mr. Degans on November 5, 2010; (7) Order denying the November 5 motion entered December 16, 2010.

[3] In so doing, we accept as true Mr. Degans' unsworn statement in the memorandum in support of the motion he filed on November 5 that: "On 8/5/10, the Court of Appeals dismissed the plaintiff's case and

(continued...)

-2-

The trial court found that the petition was not verified by oath or affirmation, as required by Tenn. Const. Art. VI, § 10 and Tenn. Code Ann. § 27-8-104(a), and that it did not comply with Tenn. Code Ann. § 27-8-106. In its opinion, the court stated that "Mr. Degans attempted to verify his petition by invoking Title 28 U.S.C. § 1746."

The common law writ of certiorari is "the proper procedural vehicle through which prisoners may seek review of decision by prison disciplinary boards. . . ." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). State constitutional and statutory provisions set forth the requirements that must be satisfied when filing a common law writ of certiorari.

Tenn. Const. Art. VI, § 10 states:

The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*. (Emphasis added).

Substantially the same language appears in Tenn. Code Ann. § 27-8-104(a). The law in Tennessee is clear that, in order for a court to have subject matter jurisdiction of a certiorari proceeding, there must be compliance with the verification requirement. *See Drumbarger v. State of Tenn. Bd. of Probation and Parole, et al.*, No M2011-00086-COA-R3-CV, ___ WL ___ (Tenn. Ct. App. January 20, 2012) (citing *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010); *Jackson v. Tenn. Dep't. of Corr.*, 240 S.W.3d 241, 245 (Tenn. Ct. App. 2006); *Wilson v. Tenn. Dep't. of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb. 13, 2006)).

Not having the amended petition before us, we have no basis to question the court's statement that Mr. Degans sought to verify the petition by invoking 28 U.S.C. § 1746.[4] Such verification is not in compliance with Tennessee law and, as a consequence, the court did not acquire jurisdiction of the proceeding and dismissal was proper.

---

[3](...continued)
remanded it back to the trial court for further proceedings or for entry of final judgment. In light of the remanding, the plaintiff took the opportunity to rewrite and revise his 'old and poorly arranged' petition to make it more legible for trial, while never changing any of the facts or allegations therein."

[4] We note that Mr. Degans stated the following in the memorandum in support of the motion to amend the judgment: "Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true & correct to the best of my belief & information."

In light of our holding, the other issue raised for review is pretermitted.

The judgment dismissing the petition for certiorari review is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE