IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 19, 2018 Session

## WARDLEY HOMES, LLC, ET AL. v. MICHAEL C. JOHNSON, ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 12131      Frank V. Williams, III, Chancellor**

_____

**No. E2017-01831-COA-R3-CV**

_____

This appeal arises from a lawsuit over the construction of a house. Wardley Homes, LLC ("Wardley Homes"), owned by James A. Wardley, II, and Teresa Smith Wardley ("the Wardleys"), contracted with Michael C. Johnson and Deborah A. Johnson ("the Johnsons") to build the Johnsons' house. A dispute arose over payment, and Wardley Homes sued the Johnsons in the Chancery Court for Loudon County ("the Trial Court"). The Johnsons, in turn, filed a counterclaim against Wardley Homes. The Johnsons later attempted to bring the Wardleys into the case individually under a theory of piercing the corporate veil. The record contains no order relating to whether the Wardleys were brought into this suit. Despite there being no order in the record bringing them into this suit, the Wardleys filed a motion for partial summary judgment relating to their individual liability. The Trial Court at a hearing apparently orally granted the Wardleys' motion, although the record contains no order to that effect either. The Johnsons later filed a Tenn. R. Civ. P. 60.02 motion for relief, which the Trial Court denied. Wardley Homes and the Johnsons settled their dispute. The Johnsons appeal to this Court with respect to their effort to bring the Wardleys into the case individually. The absence of key orders precludes our review. We, therefore, vacate the Trial Court's judgment, to the extent it exists, as it relates to partial summary judgment and remand for the Trial Court to (1) enter an order on the Johnsons' motion to bring in the Wardleys, and if granted, (2) enter an order on the Wardleys' motion for partial summary judgment that states the legal grounds and complies with Tenn. R. Civ. P. 56.04. We otherwise affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed, in Part, and Vacated, in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Stephen H. Byrd, Knoxville, Tennessee, for the appellants, Michael C. Johnson and Deborah A. Johnson.

W. Tyler Chastain and Margo J. Maxwell, Knoxville, Tennessee, for the appellees, Wardley Homes, LLC, James A. Wardley, II, and Teresa Smith Wardley.

## OPINION

## Background

Wardley Homes, a construction company, contracted with the Johnsons to build the Johnson's house. While the underlying facts of the dispute are not relevant to the dispositive issue in this appeal, suffice it to say the arrangement took a turn for the worse. The Johnsons fired Wardley Homes during the course of its work. Wardley Homes believed it had been shorted as to what it was owed on the project.

In May 2013, Wardley Homes sued the Johnsons for breach of contract among other claims. In March 2014, the Johnsons filed a counterclaim including claims such as violation of the Tennessee Consumer Protection Act.[1] In January 2015, the Johnsons filed a motion to bring the Wardleys in individually pursuant to Tenn. R. Civ. P. 14 and 19. The Trial Court apparently orally granted the motion, but the record contains no order reflecting this.[2]

Despite there being no order in the record bringing the Wardleys into the suit, in February 2016, the Wardleys filed a motion for partial summary judgment relating to their personal liability. The Trial Court apparently orally granted this motion. We say apparently because, again, the record lacks an order to that effect. Both sides agree the Trial Court orally granted partial summary judgment. In October 2016, the Johnsons filed a motion pursuant to Tenn. R. Civ. P. 60.02 alleging fraud and seeking relief from partial summary judgment. It was, and is, the Johnsons' theory that the Wardleys used Wardley Homes as a personal "piggy bank" and that they should therefore face individual liability. In March 2017, the Trial Court denied the Johnsons' motion for relief. This time an order at least was entered, although the issue was disposed of in one line: "The Court denied the Defendant's Motion for Relief of Order for Partial Summary Judgment Pursuant to T.R.C.P. 60.02 based upon Fraud."

---

[1] Certain other parties were sued in this case and later dismissed, but none of them are relevant for purposes of this appeal.

[2] In their motion for partial summary judgment, the Wardleys represent what transpired as follows: "On February 9, 2015, the Johnsons' motion was heard by the Court. After oral argument, Court ruled that the Wardleys could be brought in as individual defendants but noted that it would entertain a motion for partial summary [judgment] at a later date depending on the information collected through additional discovery."

In August 2017, the Trial Court entered an order disposing of the case between Wardley Homes and the Johnsons, stating therein:

> The parties, Wardley Homes, LLC, Michael C. Johnson, and Deborah A. Johnson, by and through counsel, announce to the Court that all matters and controversies between them have been compromised and settled.
> Therefore it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:
> 1. Plaintiff Wardley Homes, LLC's Verified Complaint against Defendants Michael C. Johnson and Deborah A. Johnson is dismissed.
> 2. Plaintiff Wardley Homes, LLC lien on Defendants Michael C. Johnson and Deborah A. Johnson home at . . . is hereby released. Proof of release from Loudon County will be provided within 10 days of the entry of this order to Michael C. Johnson and Deborah A. Johnson.
> 3. Judgment in favor of Defendants Michael C. Johnson and Deborah A. Johnson for all causes of action in the Counter Claim against Plaintiff Wardley Homes, LLC.

The Johnsons timely appealed.[3]

## Discussion

Although not stated exactly as such, the Johnsons raise the following issues on appeal: 1) whether the Trial Court erred in granting partial summary judgment to the Wardleys related to piercing the corporate veil; and, 2) whether the Trial Court erred in denying the Johnsons' Tenn. R. Civ. P. 60.02 motion for relief from partial summary judgment based upon fraud. The Wardleys raise what we believe to be the dispositive issue on appeal: whether the record is sufficient for our appellate review.

The Johnsons contend that their effort to hold the Wardleys individually liable should have survived summary judgment and proceeded to trial. It is, however, not even clear from this record that the Wardleys ever were brought into this suit. The Johnsons' attorney stated at oral argument that the order granting partial summary judgment to the Wardleys is contained in the record, but our careful review of the entire record furnished to us has revealed no such order. There is no citation in any brief to the technical record of the location of any such order. This is a problem, as Tenn. R. Civ. P. 56.04 provides that "[t]he trial court shall state the legal grounds upon which the court denies or grants

---

[3] The Wardleys contend that the Johnsons incorrectly named them as appellees when the correct appellee is Wardley Homes, the entity. We disagree with the Wardleys. First, the question of the Wardleys' individual involvement and potential liability is the very matter being appealed, so it begs the question to state they were incorrectly named as appellees. Second, the Wardleys filed the motion for partial summary judgment, which suggests they at least believed at one stage they were parties to the case.

the motion, which shall be included in the order reflecting the court's ruling." Here, we have no order at all, let alone any stated legal grounds. We further find no order reflecting that the Wardleys ever were brought in such as to necessitate partial summary judgment to bring them out.[4] This record contains no transcripts. In short, this is a woeful record.[5]

Regarding responsibility for preparing the appellate record, our Supreme Court has discussed as follows:

> An appellant is responsible for preparing the record and providing to the appellate court a "fair, accurate and complete account" of what transpired at the trial level. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)). The appellee, however, shares the responsibility for ensuring the appellate court has a complete record. *See* Tenn. R. App. P. 24(a), (b), (d) (providing that after the appellant has designated portions of the record or transcript for appeal, the appellee may designate any other part of the record it deems necessary or may prepare a transcript or a statement of the evidence.)

> In *Svacha v. Waldens Creek Saddle Club*, 60 S.W.3d 851 (Tenn. Ct. App. 2001), the Court of Appeals addressed a summary judgment in which the trial court relied upon the plaintiff's testimony in granting the defendant's motion. The transcript of that testimony was not filed in the trial court or included in the record on appeal. The Court of Appeals vacated the summary judgment, concluding that it could not determine whether the summary judgment was proper because the potentially crucial evidence was not in the record. *Id.* at 856. The intermediate appellate court acknowledged that the burden is on the appellant to prepare a complete record. *Id.* The Court of Appeals concluded, however, that the appellee shares some of the burden to ensure that the record contains all of the proof considered by the trial court, particularly when the trial court grants the appellee's summary judgment motion. *Id.* at 855-56 (citing Tenn. R. Civ. P. 56.04; Tenn. R. App. P 24(a)).

---

[4] We note that the record does contain an earlier motion by the Johnsons "To Bring in City of Lenoir City, Tennessee Pursuant to Third-Party Practice Rule 14." The record does contain an order granting this motion to add Lenoir City as a third-party defendant. Despite this, the record does not contain any such order as to the Wardleys.

[5] The Johnsons did file a barebones Statement of the Evidence, but it only recites some of the procedural history of the case and is no substitute for actual orders.

We agree with the reasoning in *Svacha* and conclude that Sewell-Allen has a responsibility to ensure the appellate record is sufficient to determine if the trial court's summary judgment in its favor was proper. In this case, the record is incomplete, and we are unable to determine the basis for the judgment entered by the trial court. We refuse to "perform the equivalent of an archeological dig and endeavor to reconstruct the probable basis for the [trial] court's decision." *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000) (citation omitted).

*Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005).

The Wardleys argue in their brief that the inadequacies of this record "preclud[e] effective appellate review of the issues on appeal" and that the Johnsons are responsible for the deficiency. We agree with the Wardleys that effective appellate review is precluded, but disagree that the Johnsons bear sole responsibility. As our Supreme Court discussed in *Jennings*, appellees also have some responsibility to ensure the appellate record is complete, particularly when, as here, summary judgment apparently was granted, orally, in appellees' favor. The solution is not, as the Wardleys would have it, simply to affirm the Trial Court in the absence of key orders. That would, in contravention of *Jennings*, absolve the Wardleys for their failure to ensure that an order for partial summary judgment *in their favor* and upon which they now rely was entered into the record.

In *Range v. Baese*, this Court was confronted with a deficient record in a summary judgment case. We stated:

The record in this case prevents the court from evaluating the propriety of the trial court's decision to grant summary judgment. We cannot determine whether there were issues of material fact or whether the defendants were entitled to judgment as a matter of law. Normally, we would remand this matter for supplementation of the record; however, as previously noted, we have determined that the trial judge erred by failing to state the legal basis for the grant of summary judgment. We, therefore, vacate the trial court's orders granting summary judgment and remand for the trial court to state the legal grounds for the ruling and for the preparation of a fair, accurate and complete record on appeal.

*Range v. Baese*, No. M2006-00120-COA-R3-CV, 2008 WL 186645, at *5 (Tenn. Ct. App. Jan. 22, 2008), *no appl. perm. appeal filed*.

-5-

We adopt the same course in the present case. We, therefore, vacate the Trial Court's judgment as it relates to partial summary judgment, to the extent it exists, and remand for the Trial Court to (1) enter an order on the Johnsons' motion to bring in the Wardleys, and if granted, (2) enter an order on the Wardleys' motion for partial summary judgment that states the legal grounds and otherwise complies with Tenn. R. Civ. P. 56.04. We further vacate the Trial Court's order denying the Johnsons' Tenn. R. Civ. P. 60.02 motion for relief from partial summary judgment because the record contains no such order granting partial summary judgment. Otherwise, we affirm the Trial Court's judgment, including its August 2017 order settling the dispute between Wardley Homes and the Johnsons, an order neither side appeals.

## Conclusion

The judgment of the Trial Court is affirmed, in part, and vacated, in part, and this cause is remanded to the Trial Court for collection of the costs below and for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellees, Wardley Homes, LLC, James A. Wardley, II, and Teresa Smith Wardley.

_____
D. MICHAEL SWINEY, CHIEF JUDGE