FILED

04/11/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 29, 2022 Session

## FRANCISCO SANCHEZ v. ARTHUR PERRY III, d/b/a/ ARTHUR PERRY CONSTRUCTION COMPANY

**Appeal from the Circuit Court for Shelby County
No. CT-1883-19     Jerry Stokes, Judge**

_____

**No. W2021-00292-COA-R3-CV**

_____

Appellant appeals the judgment entered against him by the trial court, ordering him to pay Appellee unpaid wages. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and CARMA DENNIS MCGEE, J., joined.

Arthur Perry, III, d/b/a/ Arthur Perry Construction Company, Memphis, Tennessee, Pro Se.

Francisco Sanchez, Memphis, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

### I. FACTUAL AND PROCEDURAL HISTORY

In March 2018, Plaintiff/Appellee Francisco Sanchez ("Appellee") purportedly entered into an agreement with Defendant/Appellant Arthur Perry, III, d/b/a/ Arthur Perry

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Construction Company[2] ("Appellant") for Appellee to perform renovation work on a piece of real property in Memphis. Appellee claims he was not paid the full amount he was due for his labor, so he filed a civil warrant against Appellant in the Shelby County General Sessions Court in February 2019 for nonpayment of wages in the amount of $13,244.32, plus court costs. Essentially, the parties disagree over the terms of their agreement and whether it was written or oral. The general sessions court granted judgment against Appellee in April 2019. Appellee then appealed to the Shelby County Circuit Court (the "trial court"). Appellant filed a motion for summary judgment in the trial court on September 28, 2020.

Despite the pendency of the motion for summary judgment, it appears that a bench trial occurred in late 2020 via teleconference. The following people testified: Appellee, Appellee's friend, a worker Appellee hired to help with the renovation, and Appellant's office assistant. The trial court filed a written order on February 8, 2021, making the following factual findings, *inter alia*:[3]

> [Appellee] agreed orally to do this work for a total of $18,000.00. . . . [Appellant], on the other hand, stated that [Appellee] signed a contract which reflected how much [Appellee] was to be paid for work on this property.
>
> [Appellee] countered and stated that he did not sign such a contract, but that [Appellant] handed him a single-page document which had no writing, only a signature line. [Appellant] informed [Appellee] that [Appellee's] signature was needed in order for [Appellee] to be paid the balance of funds owed him. [Appellee] signed the document in August 2018, after the job was almost completed, even though the document is dated May 10, 2018. [Appellee] was then paid $255.00 as his final payment. . . .
>
> Historically, [Appellee] and [Appellant] have worked together on other construction and repair projects over the past 4 years based upon oral agreements. . . . The parties would communicate verbally with each other, even though [Appellee's] native language is Spanish and [he] speaks and reads limited English. . . .

The trial court further found that Appellant had paid Appellee in increments totaling

---

[2] There is some dispute as to whether the agreement at issue was entered into between Appellee and Mr. Perry, in his personal capacity or as a sole proprietor, or Appellee and Mr. Perry's LLC. However, given our disposition of this appeal, *supra*, we need not decide that issue. There also seems to be some confusion about who the proper Defendant/Appellant is in this case. Because the trial court entered judgment against "Arthur Perry, III, d/b/a/ Arthur Perry Construction Company," that is who we consider to be the Defendant/Appellant.

[3] The trial court's order contains no periods. We have inserted them where appropriate, for ease of reading.

$4,700.00, and when the dispute arose about the remainder of the payment, Appellee was provided a contract that he signed believing he would receive the remaining sum of $13,045.00—but instead, he received $255.00.

The trial court then made the following additional findings, in relevant part:

The Court finds from the credible evidence that the document signed by [Appellee] at the conclusion of the job was not a valid and enforceable contract. Further, the credible evidence was that [Appellee] signed a one-page document with a signature line only. [Appellee] does not speak, nor read English well, evidenced by the fact that the entire trial of this case was translated through a certified Spanish interpreter. The parties have never in the past through their customs and dealings used a written contract between them, but only operated through oral agreements. Therefore, there was not a valid contract between the parties, as there was not a meeting of the minds, since [Appellee] could not read English. The Court finds from the credible evidence that [Appellee] was led to believe by [Appellant] that he ([Appellee]) was signing the document just to get paid his final payment. There was clearly lack of mutual assent as to the cont[r]act's essential payments terms. Further, [Appellee's] signature on a purported contract at the end of the job evidences an attempt by [Appellant] to take advantage of a non-English speaker's labor.

\* \* \*

[Appellee] did not provide any direct evidence as to the value of [Appellee's] services/labor. However, [Appellee] did hire [another] building contractor with 25 years of experience in painting, cabinet and tile installation at a rate of $200.00 per day. [Appellee] was an experienced subcontractor, but did not have nearly the length of experience of [the other building contractor he hired]. Further, the [project at issue] was the biggest project [Appellee] ever worked on with [Appellant].

With no testimony of [Appellee's] value of services, other than beliefs that he is entitled to $18,000.00 to which he believes he and [Appellant] orally agreed, the Court finds that his labor is worth $10.00 per hour. Further, [Appellee] worked 12 hours per day, 6 days a week for 43 months with a reasonable expectation that he would be paid the full value of his labor . . . . Further, . . . for [Appellant] to benefit from [Appellee's] labor without paying for [Appellee's] labor would be wholly unjust.

As a result, the Courts finds that there was an implied contract between the parties and [Appellee] is entitled to *quantum meruit* damages

- 3 -

from [Appellant] in the amount of $10.00 per hour times 12 hours a day, times 6 days a week, times 19 weeks (March 15, 2018 to July 25, 2018) equal [to] $13,680.00 - $4,955.00 already paid to [Appellee,] equals a net judgment in the amount of $8,725.00 plus the cost of this cause.

Appellant appealed.

## II. ISSUES PRESENTED

Appellant raises the following issues, taken from his brief:

1. Whether the [trial court] erred in holding an implied contract between [Appellee] and [Appellant] and as such he was entitled to quantum merit damages from [Appellant].

2. Whether the [trial court] erred in law and fact when it held permitted [Appellee] to sue [Appellant] personally yet at the all-material times when the alleged implied contract was entered[, Appellee] was dealing with a duly incorporated and registered Limited Liability Company trading in the name and style of Perry III Construction Co, LLC, and not in his capacity.

3. Whether the [trial court] erred in law when it refused to admit [Appellant's] motion for have the matter disposed of by way of summary judgment . . . , yet both parties in the instant suit do not genuinely dispute the facts.

Appellee raises the following issues, taken from his brief:
1. Whether the [trial court] correctly found that an implied contract exists for work done by Appellee and unpaid for by Appellant.

2. Whether the [trial court] correctly found that Appellee sought civil damages against Arthur Perry, III's corporation, Arthur Perry Construction Company, and not in his individual capacity.

3. Whether the [trial court] correctly dismissed Appellant's motion for summary judgment because the parties disputed facts.

## III. DISCUSSION

On appeal, Appellant argues that he is entitled to summary judgment. Additionally, Appellant argues that Mr. Perry is not personally liable for acts committed by his LLC, and thus the correct party to this suit is the LLC—because Appellee entered into a contract with the LLC. Unfortunately, our ability to conduct proper appellate review is hindered in two

respects. First, Appellant's brief fails to sufficiently comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

> (a) Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> *     *     *
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a).

Here, Appellant's brief does not substantially comply with Rule 27. First, Appellant's brief contains no table of authorities. Second, nowhere in Appellant's brief does he cite to the record. Third, he does not explain the standard of review applicable to each issue he raises.

We are mindful of the fact that Appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

We have previously held on numerous occasions that such failure to substantially comply with Rule 27 constitutes a waiver of the issues an appellant raises on appeal and, consequently, is grounds for affirming a trial court's judgment. *See, e.g.*, ***Breeden v. Garland***, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at \*1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived . . . ."); ***Masserano v. Masserano***, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at \*5 (Tenn. Ct. App. May 22, 2019) (affirming a trial court's findings when the appellant waived his issues on appeal by not complying with Rule 27); ***Rummage v. Rummage***, No. M2016-02356-COA-R3-CV, 2018 WL 2134018, at \*4 (Tenn. Ct. App. May 9, 2018) (footnote and citations omitted) ("Because of Father's failure to comply with the requirements of Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, Father has waived the issues he raises on appeal, and we have no choice but to affirm the trial court's judgment in all respects."); ***Bean v. Bean***, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000) (citation omitted) ("[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court.").

Even if we could overlook Appellant's failure to comply with Rule 27, other deficiencies hinder appellate review. First, although Appellant predicates his arguments on the written contract allegedly entered into by the parties, he did not include the alleged contract in the record on appeal. In general, the appellant "bears the primary burden of 'supply[ing] a complete and accurate record' to support his arguments on appeal." ***Womble v. Womble***, No. M2011-00605-COA-R3-CV, 2012 WL 5993735, at \*1 (Tenn. Ct. App. Nov. 30, 2012) (quoting ***Church v. Church***, 346 S.W.3d 474, 486 (Tenn. Ct. App. 2010)). The fact that Appellant bears such a burden is doubly true in this case, because he is not only the appellant, but he is also the party moving for summary judgment. *See* ***Svacha v. Waldens Creek Saddle Club***, 60 S.W.3d 851, 856 (Tenn. Ct. App. 2001) (holding, in a case involving a "peculiar procedural posture" where the trial court *granted* summary judgment to the appellee/movant, that it was the appellee's responsibility to ensure that the evidence relied upon by the trial court was contained in the record on appeal because it was the movant's burden "to see that all proof considered by a trial court in arriving at its determination to grant a motion for summary judgment is 'on file.'").

Moreover, although Appellant frames his issue as involving summary judgment, it is clear from the record that the parties ultimately tried this case in a bench trial.[4] But the

---

[4] It therefore appears that the trial court implicitly denied Appellant's motion for summary judgment, likely on the basis that disputed material facts existed. There is generally no appeal from such a ruling when the trial court follows its ruling with a bench trial. *See* ***Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.***, 102 S.W.3d 621, 636 (Tenn. Ct. App. 2002) (citing ***Bills v. Lindsay***, 909 S.W.2d 434 (Tenn. Ct. App. 1993)) ("[T]he denial of a summary judgment motion predicated upon existence of a genuine issue of fact is not reviewable where there has been a judgment rendered after the trial on the merits of a case.").

record contains no transcript or statement of the evidence from that trial. "Where the issues raised go to the evidence, there must be a transcript. . . . This rule likewise applies where there is a statement of the evidence which is incomplete." ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) "The appellant's duty includes the burden of providing to this Court a transcript or statement of the evidence from which we can determine whether the trial court erred." ***Lewis v. Williams***, No. W2015-00150-COA-R3-CV, 2015 WL 9946271, at *4 (Tenn. Ct. App. Aug. 6, 2015). "In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." ***Id.*** Therefore, we must presume that the trial court's findings here are supported by the evidence. Given Appellant's failure to substantially comply with Rule 27, as discussed *supra*, his failure to provide us with a copy of the alleged contract on which he relies, and the lack of a transcript or statement of evidence against which we can evaluate the trial court's factual findings, we conclude that the trial court's judgment must be affirmed.

Finally, we note that in a motion filed with this Court, Appellee requested frivolous appeal damages. Tennessee Code Annotated section 27-1-122 states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Appellee did not designate a request for frivolous appeal damages as an issue in his brief. "Appellate review is generally limited to the issues that have been presented for review." ***Hodge v. Craig***, 382 S.W.3d 325, 334 (Tenn. 2012) (citations omitted). Because Appellee did not raise the issue of this being a frivolous appeal in his appellate brief's statement of the issues, we exercise our discretion to decline to award frivolous appeal damages in this appeal. *Cf.* ***Sekik v. Abdelnabi***, No. E2019-01302-COA-R3-CV, 2021 WL 120940, at *34 (Tenn. Ct. App. Jan. 13, 2021), *appeal denied* (May 12, 2021), *appeal denied* (Aug. 9, 2021), *cert. denied*, No. 21-201, 2022 WL 660723 (U.S. Mar. 7, 2022), *and cert. denied sub nom.* ***Abdulnabi v. Sekik***, No. 21-971, 2022 WL 660724 (U.S. Mar. 7, 2022).

## IV. Conclusion

The judgment of the Shelby County Circuit Court is affirmed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of the appeal are taxed to Appellant Arthur Perry, III, d/b/a/ Arthur Perry Construction Company, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE